### MILTON WHITTEN v. STATE.
No. A-4255.   Opinion Filed Dec. 29, 1923.
(221 Pac. 115.)

(Syllabus.)

**Appeal and Error—Larceny—Evidence Sustaining Conviction—Function of Appellate Court in Considering Sufficiency of Evidence.** Evidence considered, and held sufficient on appeal to sustain the verdict and judgment. In considering the sufficiency of the evidence, the function of this court is limited to ascertaining whether there is a basis in the evidence on which the jury could reasonably conclude that accused is guilty as charged.

Appeal from District Court, McCurtain County; J. M. Barrett, Judge.

Milton Whitten was convicted of the crime of larceny of live stock, and he appeals. Affirmed.

H. P. Hosey and J. N. Fortner, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. Plaintiff in error, hereinafter referred to as defendant, was convicted in the district court of Mc-Curtain county of the crime of larceny of live stock. The prosecution was by indictment returned September 24, 1920. The charge was the larceny of one steer the property of C. H. Pierce, and it was alleged to have been committed on or about December 29, 1919.

Trial was had September 21, 1921, resulting in a verdict of guilty with punishment fixed at two years' imprisonment in the state penitentiary.

The sole contention is: ''The court erred in overruling the motion of plaintiff in error for a new trail.'' Under this assignment of error it is contended that the verdict is not sustained by sufficient evidence.

Counsel for plaintiff in error cite numerous decisions of this court to the effect that an indictment charging larceny of live stock must contain the following allegations: (1) The felonious taking and asportation of property in question without the knowledge and consent of the owner. (2) The ownership of said property. (3) The felonious intent to deprive the owner of the same and the felonious intent to convert to the taker's own use. It is contended that the state failed to prove either of the foregoing requisites beyond a reasonable doubt.

The evidence on the part of the state was substantially as follows: C. H. Pierce, owner of the steer alleged to have been stolen, lost track of 22 head of cattle that were running on a range in McCurtain county, Okla., in the fall of 1919. These cattle were branded ''H. P. J.,'' disconnected. Shortly before Christmas of that year, upon making inquiry of one Mr. Bivins, Pierce was informed by Bivins that 6

head of his cattle were then at Bivins' place about two miles south of the city of Idabel.

Among the cattle of Pierce's at that time on the Bivins premises was a roan, muley, three year old steer, branded as above described. This steer was the animal alleged to have been stolen a few days later.

According to the testimony of a son of Bivins the defendant, accompanied by a negro, was seen driving this particular animal on a road that ran close to Bivins' place shortly after Christmas of the year 1919. A few days later this animal was seen by the younger Bivins, together with some other animals, in a stock feeding pen in the city of Idabel. The defendant was at another time seen at this stock pen feeding animals, and it is also disclosed by the record and admitted by the defendant that he was engaged in the business of buying and shipping cattle in carload lots to Fort Worth, Tex., and that he shipped a carload to Fort Worth in the early part of January, 1920, about a week or 10 days later than the date he was seen to have driven the steer in question away from the premises of Bivins. Defendant denied having taken the animal and offered proof tending to show that he had driven another animal answering this description but a different brand, shortly after Christmas, 1919, along the public highway that ran by the Bivins premises, and that a negro boy was with him at that time. This boy was produced as a witness for the defendant and testified substantially as did the defendant. The person from whom the defendant testified he bought the animal, however, was not produced. The animal belonging to Pierce was never found.

If the testimony of the younger Bivins is to be believed, the defendant took the animal belonging to Pierce from a

place of Bivins in McCurtain county shortly after Christmas in the year 1919. There is no question of defendant having taken the Pierce steer by mistake. Bivins testified positively that the animal defendant was seen to drive along the public highway was the animal belonging to Pierce that had been grazing on Bivins' premises for some time. The defendant testified it was an entirely different animal.

Whether or not the taking was with felonious intent to deprive the owner thereof and with feloneous intent to convert it to the taker's own use were questions for the jury to determine.

While there is a conflict in the evidence, the court is of opinion, after a careful consideration of all the evidence, that the same is sufficient to support the verdict and judgment.

The judgment is therefore affirmed.

BESSEY and DOYLE, JJ., concur.