## FRANK BLUMHOFF v. STATE.

No. A-4638.   Opinion Filed Jan. 6, 1925.
(231 Pac. 900.)

(Syllabus.)

**Appeal and Error—Larceny—Possession of Recently Stolen Property—Effect as Evidence—Erroneous Instruction—Harmless Error.** The possession of recently stolen property by a defendant is merely an evidential fact to be considered by the jury in connection with all the other facts and circumstances disclosed by the evidence.

(a) An instruction stating that possession of recently stolen property, unexplained, is evidence of guilt, is an incomplete and erroneous statement of law.

(b) Notwithstanding this misstatement of law, where the defendant sought to justify his possession by proof, tending to show that he had purchased the property from a stranger, and the court told the jury that, if they believed that the defendant had so purchased the property or had any reasonable doubt as to whether he had done so, they should resolve that doubt in his favor and acquit him, the error is rendered harmless.

Appeal from District Court, Stephens County; Cham Jones, Judge.

Frank Blumhoff was convicted of larceny, and he appeals. Affirmed.

E. H. Bond, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. Frank Blumhoff, plaintiff in error, defendant in the trial court, was a farmer who lived in the same neighborhood with and near the farm of the complaining witness, J. T. McFatridge. Both men had horses which were allowed to run at large. About the 18th day of February, 1922, a three-year old black Percheron horse was missed by the complaining witness. The proof offered by the state indicates that this horse was found in the possession of the defendant, and recovered from him about

three weeks later. At the time the complaining witness had last seen this horse before its disappearance, it had a thick, heavy mane and tail, and weighed about 1,100 pounds, and his value was stated to be $100. When recovered the animal's mane had been roached and the tail thinned out. The defendant claims that he purchased this horse for $50 cash from a passing stranger, and his story is corroborated by three witnesses who claimed to have been present or near by when the purchase was made.

The only serious question raised by this appeal is the sufficiency of instruction No. 5, which was as follows:

"You are further instructed, gentlemen, that aside from his plea of not guilty, as a defense to this charge, the defendant contends that he purchased this horse. And in this connection you are instructed that the possession of recently stolen property, unexplained, is evidence of guilt; but should you find that the defendant did purchase said horse, or should you entertain a reasonable doubt as to whether or not he purchased said horse, you should resolve that doubt in his favor and acquit him."

Technically, the statement in this instruction that "possession of recently stolen property, unexplained, is evidence of guilt" is not a correct statement of the law. Such possession may raise an inference of guilt, and should be considered as an inferential circumstance, along with all the other evidence in the case, to be given such weight as the jury may deem proper. Cheeves v. State, 18 Okla. Cr. 480, 196 P. 726; Cox v. Ter., 2 Okla. Cr. 668, 104 P. 378. But under the evidence in this case the latter part of the instruction as given gave to the defendant all the rights that would have been accorded him if the instruction had been technically correct.

The defendant claimed that he purchased the horse from a stranger. On the ground he assumed to justify his possession, the court told the jury that, if they believed that defendant did so purchase the horse, or enter-

tained a reasonable doubt as to whether or not he did so, they should resolve that doubt in his favor and acquit him. Under the evidence that was all that the defendant could expect. The defendant objected to this instruction, and an exception was allowed, which was enough to challenge the sufficiency of the instruction. However, where an instruction is bad in form, the defendant might have offered an instruction properly stated in lieu thereof, and this defendant did not do. In any event, an erroneous instruction will not work a reversal where the rights of the defendant have not been impaired. Section 2822, Compiled Statutes 1921.

The witnesses who corroborated the defendant concerning the purchase of the horse were unable to definitely identify the horse, or to relate clearly the details of the transaction. The jurors saw the witnesses and heard their accounts of the transaction and were better able than this court to determine whether they testified truthfully. It was within the province of the jury, if they believed that these witnesses, including the defendant, were giving false testimony, to reject their evidence entirely. The fact that the horse's mane had been roached and that its tail had been thinned by cutting out some of the hair; and the defendant's explanation that he had purchased the horse, for cash, from a stranger, unidentified and not produced at the trial, may have been considered by the jury as circumstances indicative of guilt.

All things considered, this court would not be justified in setting aside the verdict of the jury.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.