## LUTHER WORLEY v. STATE.

No. A-4832.   Opinion Filed July 23, 1925.
(238 Pac. 225.)

Arnold & Woodruff, for plaintiff in error.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error will be referred to as defendant, as in the court below.   From a conviction on a charge of larceny of domestic animals, the defendant has appealed.

The record discloses that the defendant and two others were jointly charged with the larceny of hogs from a car and from the stockyards at Stillwell.   A severance was had and the defendant tried separately.   The principal question raised in defendant's briefs is that the evidence is not sufficient to sustain the verdict, but at most establishes no more than the receiving of stolen property.   The fact of the larceny is undisputed.   The record discloses that the defendant was assisting one Woods, the owner, to load certain hogs out of the stock pens into cars; that after the loading, about 11 o'clock

at night, the defendant went to the home of Dudley, and some conversation of an incriminating nature took place. During the night the hogs were taken and kept at the home of Dudley, and the next morning driven up an alley to defendant's barn, where they were concealed. The defendant helped drive them in the barn, locked them in a stall, and barred up the barn door. At the time of his arrest he made a statement indicating guilt. The evidence was largely circumstantial. The defendant took the stand and testified that he bought the hogs on credit from Dudley, his codefendant, but soon thereafter learned that they were stolen hogs.

There are other circumstances which bear out the theory of the state. The evidence of the state, if believed, and the inferences logically to be drawn from it, amply prove the guilt of the defendant. The weight of the evidence and the credibility of the witnesses is a matter within the province of the jury. They are in a better position to determine the truth or falsity of the testimony given, and when the evidence and the inferences and the deductions to be drawn from it clearly establish the guilt of the defendant, this court will not reverse a judgment for insufficiency.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.