## BERT DAVIS v. STATE.

No. A-5531. Opinion Filed May 22, 1926.
Rehearing Denied June 12, 1926.
(246 Pac. 651.)

B. C. Wieck, for plaintiff in error.

The Attorney General and Houston B. Teehee, Asst. Atty. Gen., for the State.

BESSEY, P. J. This cause was previously here on appeal, and the conviction reversed in case No. A-3647, reported in 20 Okla. Cr. 203, 201 P. 1001. In this second appeal, from the judgment rendered on the retrial of the

case in the district court, sentencing the defendant to one year's imprisonment in the penitentiary, practically the only ground urged for reversal is the alleged insufficiency of the evidence.

A stolen automobile was sold by the defendant to a farmer living near Ponca City, who later turned it over to its owner upon satisfactory identification. The theft of the car, its identity, and its sale to the farmer were well established by the evidence. After the arrest of the defendant the farmer went to the defendant, in jail, to see if he would make restitution of the purchase price. The defendant denied having sold the car to him, and sought to shift the responsibility to one Killion, who had helped negotiate the sale. In his former trial the defendant by his own testimony sought to show that he had purchased the car in good faith. In the case here under consideration he failed to testify.

Under all the circumstances we believe that the jury were justified in concluding that the defendant was implicated in the original taking of the car; that it was not purchased in good faith; and that he was not merely the receiver of stolen property knowing it to be stolen.

The instructions of the court were fair to the defendant, advising the jury that a conviction for larceny could not rest upon proof of knowingly receiving stolen property, also upon the inferences to be drawn from the possession of recently stolen property, upon the law of circumstantial evidence, and upon the statements and admissions of the accused against his interest.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.