ROY FOUST et al. v. STATE.

No. A-5986. Opinion Filed April 9, 1927.
(254 Pac. 982.)

C. F. Gowdy, for plaintiffs in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the district court of Ottawa county on a charge of burglary, and each sentenced to serve a term of four years in the state penitentiary.

In July, 1925, the filling station of Charles Cruzan, in the town of Cardin, was burglarized and some automobile tires and other property stolen. The track of an automobile was discovered in the soft ground just at the rear of the filling station, and also the tracks of two men. These defendants were suspected, but no arrest was made until some two weeks later, when defendants were seen to leave their home with a large number of fruit jars and go into the woods

near the railroad track and stop, at which place the jars were unloaded. Defendants were then arrested by an officer, who found, in the car they were driving, two of the stolen automobile tires. There was also evidence that the track made by the automobile they were driving was identical with tracks discovered at the rear of the filling station at the time of the burglary, and the tracks of the persons found near the filling station were similar to those made by defendants. Both defendants were ex-convicts. Defendants testified that they found the stolen automobile tires just prior to their arrest near the railroad track at the time they were unloading the fruit jars. They further gave testimony tending to prove an alibi, in substance that they went to the residence of one Savoot, near Melrose, Kan., about midnight of the night of the burglary, and spent the remainder of the night there. Their testimony was rather indefinite and in some particulars conflicted.

The first assignment of error is that the evidence is insufficient. The evidence of the state is wholly circumstantial, but these circumtsances are sufficient, if believed, to sustain the verdict of the jury. The defendants were in the possession of recently stolen property, under circumstances calling for an explanation. The burden of establishing the truth of the explanation is on them, and its truthfulness is a question for the jury. The explanation does not strike us as being reasonable, but even if it were reasonable, whether or not it is true is still a question of fact for the jury.

Whitten v. State, 25 Okla. Cr. 447, 221 P. 115. Buford v. State, 27 Okla. Cr. 138, 225 P. 568. Blumhoff v. State, 29 Okla. Cr. 97, 232 P. 862. Worley v. State, 31 Okla. Cr. 253, 238 P. 225.

The only other assignment is that the trial judge

made a remark discrediting the testimony offered by defendants. On this point it appears that one of the defendants had testified that on the night of the burglary they spent the night with an Italian, near Melrose, Kan.; that defendants had tried to get this witness to come to Oklahoma to testify, or to cross the line so that he might be supoenaed as a witness. Counsel for defendants asked defendant Hice this question:

"Q. Bruce, I will get you to state if this isn't a fact, that you had been insisting and trying and insisting on your attorneys, and trying every way that was possible to get this man across the line so that we might subpoena him and bring him here, and even going to the extent of asking the court to continue this case because we didn't yet have those witnesses over here?"

Thereupon the court said:

"Now, just to show you how fair I am, I will continue this case until in the morning in order to give you time to get that witness here."

The remark was not particularly appropriate, but we do not perceive how it could have been prejudicial to defendants. No exception was taken to the remark of the court at the time, nor was any assignment of error based thereon made in the motion for new trial. There is no merit in the appeal.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.