## M. A. McHENRY v. STATE.

No. A-8031. Opinion Filed Aug. 21, 1931.
(2 Pac. [2d] 596.)

Rizley & Sweet, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Beaver county of the crime of grand larceny, and his punishment

fixed by the court at imprisonment in the state reformatory at Granite for a period of two years and six months.

The evidence of the state was that J. E. Ingland was the owner of one grease gun for a caterpillar tractor and one eight-gallon cream can, all of the value of $35; that defendant lived about a mile and three-quarters from the home of Ingland; that on the 2d day of August, 1929, when Ingland finished using the tractor, he took it back to his home, but left the grease gun and cream can in the field where he had been working; that on the 4th day of August, Ingland went back to the field to get the grease gun and cream can and they were gone; that on the 29th day of August a search warrant was issued for defendant's premises to search for this stolen property, and as a result of such search the property was found in the garage and blacksmith shop of defendant on his premises; that there was a man's track leading from the field where the grease gun had been left, to the road, where it appeared from the car tracks that a truck had been stopped.

Defendant, testifying for himself, admitted possession of this property, but explained the same by saying that on the second day before his premises were searched, he had found the property by the side of the road about a quarter of a mile from where he lived, and had taken it and put it in his garage to keep until he could notify George McBroom, whose name appeared on the cream can, that he had the property in his possession.

It thus appears from the evidence of the state that this property was stolen from Ingland without his knowledge and without his consent and was within a short time thereafter admittedly found in the possession of the defendant. Under this evidence there was only one question for the jury to determine and that was whether de-

fendant took this property in good faith with the intention to return it to the owner, or took it in bad faith with the intention of converting it to his own use.

The trial court excluded evidence of the finding of other stolen property in the defendant's possession at the time the stolen property was found. This evidence was competent and should have been admitted.

In Morrow v. State, 23 Okla. Cr. 98, 212 Pac. 1008, this court said:

"Not every explanation, reasonable or unreasonable, of the possession of recently stolen property, or of the possession of property similar to that stolen, will justify an acquittal. To so operate, the explanation should be both reasonable and worthy of belief."

In Brinkley v. State, 37 Okla. Cr. 362, 258 Pac. 1071, this court said:

"The truthfulness of an explanation of possession of stolen property, although uncontradicted, must be determined by the jury.

"Whether an explanation respecting the possession of property recently stolen is reasonable or not is ordinarily a question for the jury, the same as any other question of fact."

The jury were not bound to believe defendant's explanation, and evidently did not do so.

Defendant's contention that the evidence is insufficient to support the verdict of the jury is without merit.

Defendant next contends that the court erred in refusing to give his requested instruction No. 5.

It was not error for the trial court to refuse to give this requested instruction for the reason that the court

on its own motion had, in substance, given the same instruction.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.