## LUTHER PRINCE v. STATE.

No. A-8240. March 4, 1932.
(9 Pac. [2d] 53.)

J. Wm. Crawford, J. Val Crawford, and John P. Crawford, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called

defendant, was convicted in the district court of Pontotoc county of the crime of driving an automobile while under the influence of intoxicating liquor, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of 60 days.

The evidence of the state was that defendant was driving a Ford coupe in the city of Ada, at a speed of about 65 miles an hour; that the car was weaving from side to side; that at the junction of two streets this car collided with an Oldsmobile sedan occupied by Mrs. Moore and Mrs. Williams; that after the accident defendant's hat was found in the car; that defendant got out from under the steering wheel after the car was stopped; that when defendant was arrested, a short time afterwards, he was drunk and was staggering as he walked; defendant admitted that he started drinking at about 4 o'clock and took several drinks a short time before the accident, but denied that he was driving the car, or that he was drunk.

Defendant contends, first, that this evidence is insufficient to support the verdict of the jury.

The questions of whether defendant was drunk and of who was driving the car were to be determined by the jury from the evidence. An examination of the evidence discloses that the jury were right in finding that defendant was drunk, and that he was driving the car.

In Whitten v. State, 25 Okla. Cr. 447, 221 Pac. 115, this court said:

"In considering the sufficiency of the evidence, the function of this court is limited to ascertaining whether there is a basis in the evidence on which the jury could reasonably conclude that accused is guilty as charged."

Defendant next contends that the trial court erred in

giving instructions Nos. 3 and 4, the particular objection being that the court erred in his definition of what constitutes intoxication.

An examination of the record discloses that defendant made no objection nor took any exception to the giving of the instructions at the time they were given to the jury. In the motion for a new trial appears an assignment that defendant objected to the giving of instructions Nos. 2 to 12, but there is nothing in the record to support this.

In Boutcher v. State, 4 Okla. Cr. 576, 111 Pac. 1006, 1007, this court said:

"Where no exceptions are reserved to the instructions of the court, none except fundamental errors will be considered." See, also, Birdwell v. United States, 10 Okla. Cr. 159, 135 Pac. 445; Russell v. State, 17 Okla. Cr. 164, 194 Pac. 242.

Since no objections or exceptions were made or taken to the instructions here complained of at the time they were given, no question except one of fundamental error is raised in this appeal. The error complained of is not such a one as deprives the defendant of a constitutional or statutory right. It was the duty of defendant to call the trial court's attention to any error in the instructions complained of, and he should have objected to the giving of the same and had his exception recorded at the time the instructions were given. While the instructions complained of are poorly drawn and might tend to leave the jury in doubt as to what constituted intoxication, yet such error is not fundamental and does not require a reversal of the case.

Drunken drivers are a menace to human life and should not be permitted to escape punishment upon technical grounds. The punishment assessed by the jury al-

most amounts to a miscarriage of justice. Defendant was extremely fortunate to escape with so light a sentence.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., concurs. EDWARDS, J., absent; not participating.