## ED MILLER v. STATE.

No. A-8373.   Aug. 16, 1932.
(13 Pac. [2d] 599.)

Holliman, Bailey & Brewer, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Washington county of the larceny of an automobile, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of five years.

The evidence of the state was that W. E. Clay, who resided in Cherryvale, Kan., was the owner of a model A Ford sport roadster, engine No. 2207338; that this automobile was stolen on the 22d day of October, 1931, and found in the possession of defendant, at Bartlesville, Okla., on the 6th day of November, 1931; that, when the officers questioned defendant before his arrest, he said that the car had been left by the side of the road near his place for several days; that he concluded it was a stolen car and thought he might as well have it as anybody; that after his arrest, when questioned by the county attorney in the presence of the officers, he said he had not told the truth about how he obtained the car; that he had purchased it

from W. K. Pamer and had the papers for the same; that he gave the officers an order to go to the rooming house and get a suitcase belonging to him, and said they would find the papers in the suitcase; that the officers went to the place indicated, and there found a bill of sale executed by W. K. Pamer to defendant for a model A Ford roadster, engine No. 1644587, also application of Pamer for registration of the same automobile, statement of ownership by Pamer to the county treasurer of Montgomery county, Kan., with $4.25 license fee, also certificate of registration by the secretary of state of Kansas for a Ford roadster, engine No. 1644587, model A, with license tag No. 497-809; that the officers exhibited these papers to defendant, and he said they were the papers he had sent them for; that, when the officers first noticed the car, the license plate was bent up so that the numbers could not be read; that they stopped defendant and told him to straighten out the tag, but that the next time they saw the car the tag was still bent up; that the engine number on the car had been changed from 2207338 to 2207888; that a die had been used and the figure "8" cut over the figure "3."

Defendant, testifying for himself, denied that he made these conflicting statements to the officers, and claimed he had purchased the car from Pamer.

He earnestly urges that this evidence is insufficient to support the verdict of the jury.

This court has held in numerous cases that the possession of recently stolen property is not in itself sufficient to authorize a conviction for the crime of larceny; but that the possession of recently stolen property creates an inference of fact, which, together with other facts and incrimi-

nating circumstances, is sufficient to sustain a conviction. Bidwell v. State, 28 Okla. Cr. 1, 228 Pac. 614.

This court has held that the onus is on the defendant to explain the possession of recently stolen property, Whitten v. State, 25 Okla. Cr. 447, 221 Pac. 115; Buford v. State, 27 Okla. Cr. 138, 225 Pac. 568; Foust v. State, 36 Okla. Cr. 390, 254 Pac. 982.

This court, in McHenry v. State, 52 Okla. Cr. 20, 2 Pac. (2d) 597, said:

"Whether the interval of time between the larceny of the property and its possession by accused is sufficiently short or long to render the possession recent or remote depends upon the facts of the particular case, including the character of the property stolen, its salability, and the readiness with which it will pass from hand to hand. In the case of property which does not pass readily from hand to hand, the presumption arises at a time more remote from the theft than in the case of property readily transferable."

In the case at bar, defendant attempted to explain his possession of the automobile, but his explanation is entirely incredible, and is one that no reasonable person would accept. His bill of sale did not cover the car stolen. His attempted explanation was a strong incriminating circumstance for the jury to consider in connection with the question of possession.

The evidence is sufficient to support the verdict of the jury.

Defendant complains that the court erred in giving instruction No. 8. He cites no authority, and points out no material defect in the instruction. An examination of the instruction reveals that it is as favorable to the defendant as the evidence in the case would warrant.

No fundamental error appearing in the record, and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.