## MONTE PATTON v. STATE.

No. A-8480. March 25, 1933.
Rehearing Denied May 26, 1933.
(22 Pac. [2d] 116.)

**394**

Fred Larue and Mathers & Mathers, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter for convenience referred to as the defendant, was convicted of the larceny of an automobile, and sentenced to serve a term of six years in the state penitentiary at McAlester, and appeals.

The testimony on the part of the state tends to show that L. L. Triplett, who lived about five miles northwest of Hydro, Okla., was the owner of an automobile, and while attending a picnic at Dripping Springs on the evening of the 7th of August, 1930, the car was stolen; on the 14th of August, 1930, the car was found in possession of the defendant, Monte Patton, in Weatherford, Okla.; the engine number had been changed between the time of its having been taken and the day it was found at Weatherford.

The evidence further tends to show that defendant was seen in possession of the car in Weatherford as early as August 11, 1930. There is no controversy in the record but that the car found in the possession of the defendant was the car belonging to L. L. Triplett, and that the same was stolen while Triplett was attending the picnic at Dripping Springs, August 7, 1930.

The defense interposed is an alibi; the defendant and several relatives testifying that on the evening of August 7, 1930, from 7 to 7:30 in the evening until 10:30 or 11, the defendant was visiting at the home of his mother-in-law, in Weatherford. The defendant also testified that the automobile was brought to his home by one S. B. Eubanks, whom the defendant had known in Enid for more than a year, on the 13th day of August, 1930; at the time Eubanks came to the home of the defendant, the defendant was not at home but returned shortly after Eubanks' arrival. Defendant's testimony further tends to show that the car, or some part of it, was on fire and he called Joy Roush, a garage man, and had him come to the house and fix the automobile so it would run.

Roush also testified in behalf of the defendant, stating that on August 14, 1930, defendant drove the car to his garage for the purpose of having repairs made. At the time Triplett found his car in the Roush garage the defendant was at the garage; later defendant returned to his home to get some wire to be used in repairing the car; the officers found the defendant at his home and arrested him. The foregoing is in substance the testimony presented at the trial.

Several errors have been assigned by the defendant as grounds for reversal of his case. It is first urged by defendant that his case should be reversed for the reason

of certain remarks made by the special prosecutor in his closing argument. The remarks of the special counsel complained of by the defendant are not incorporated in the record in full. The record shows that the special counsel, when defendant's counsel objected, replied:

"Well, I am just answering you, Fred, about what you said, that he would be crazy if he had done that."

As the entire argument is not incorporated in the record, it is apparent that the court overruled the defendant's objection to the argument, for the reason that the special counsel was replying to the argument that had been made by the counsel for the defendant.

In Payne v. State, 21 Okla. Cr. 416, 209 Pac. 334, this court said:

"Where the record is incomplete touching upon alleged disparaging remarks made in the closing argument, this court will presume that the trial court ruled correctly." Ussaery v. State, 22 Okla. Cr. 397, 212 Pac. 137; Wilson v. State, 24 Okla. Cr. 332, 217 Pac. 885.

After a careful consideration of the record, and in view of the holdings of this court in many opinions, the court did not err in overruling the objections of the defendant to the closing remarks of the special prosecutor.

It is next urged that the trial court erred in not letting defendant prove that one Eubanks left the car at his home. Defendant was permitted to show by the garage man, Joy Roush, that when he went to defendant's home to make some repairs on the car another man was there. However, it appears from the record that Eubanks—if he really existed and was at the home of defendant when the garage man was there—had nothing to say about the repair of the car or what he would have to pay for the re-

pairs. The testimony offered by the defendant was properly excluded by the court.

The defendant alleges that the court deprived him of his right by refusing to let him show that he did not flee from the officers. An examination of the testimony offered by the defendant, and the rulings of the court thereon, discloses that the defendant was permitted to show by the garage man, or by himself, that he had gone to his home to get some wire of some kind to be used in repairing the car. It was but a short distance from the garage to defendant's home, and if defendant went to get wire to be used on the car it is unexplained why he did not return and bring the wire. The record shows conclusively he did not return to the garage where the car had been found but went to his home and was there arrested by the officers. The objection urged by the defendant does not possess sufficient merit to warrant a reversal.

The defendant next urges that the evidence is insufficient to support a conviction, for the reason that all the state proved was a mere naked possession by the defendant of the automobile about a week after it was stolen. The car was stolen on August 7, 1930. The defendant was found in possession of this car a very short while after it was stolen. The explanation of defendant's possession of the car was heard by the jury and the jury by its verdict said that it did not believe defendant's statement. This court, in numerous cases, has held that where there is any competent evidence to warrant a jury in returning a verdict, though the evidence is conflicting, this court will not disturb the verdict.

This court has held in numerous cases that the possession of recently stolen property is not of itself suffi-

cient to authorize the conviction of the accused of the crime of larceny; but, on the other hand, this court has held that the possession of recently stolen property creates an inference of fact, which together with other incriminating circumstances is sufficient to sustain a conviction of the crime of larceny. Bidwell v. State, 28 Okla. Cr. 1, 228 Pac. 614.

This court has often held that the burden is on the defendant to explain his possession of recently stolen property. In Foust v. State, 36 Okla. Cr. 390, 254 Pac. 982, in the second paragraph of the syllabus this court said:

"Where an accused has the possession of recently stolen property and attempts to explain his possession, the burden of proving the truthfulness of his explanation is on him, and, even though it may be reasonable, is a question of the fact for the jury."

The explanation does not impress us as being reasonable; but even if it were reasonable, whether it is true is a question of fact for the jury. Worley v. State, 31 Okla. Cr. 253, 238 Pac. 225.

It is clear from the record in this case that after the defendant came into possession of the automobile some one changed the number of the engine, and then a certificate of purchase and license tag were bought from the state agent for the car. In McHenry v. State, 52 Okla. Cr. 17, 2 Pac. (2d) 596, this court said:

"Not every explanation, reasonable or unreasonable, of the possession of stolen property, or of the possession of property similar to that stolen, will justify an acquittal. To so operate, the explanation should be both reasonable and worthy of belief."

It is a common occurrence for those committing crime to have some name, who left the property with him, or

from whom he bought it, to try to shift the burden and to avoid conviction. This court has little faith in these imaginary persons who leave automobiles at people's homes with instructions that they be repaired and he will return in a few days and pay the bill. It is unreasonable, and seldom if ever true.

This record has been carefully examined, and we hold the court properly instructed the jury as to the law applicable to the facts in the case. No prejudicial or fundamental errors appear in the record sufficient to warrant a reversal.

Other errors are discussed, but they do not possess merit.

The case is affirmed.

CHAPPELL, J., concurs. EDWARDS, P. J., not participating.