## FRANK WEATHERMAN v. STATE.

No. A-8716. Sept. 28, 1934.
(36 Pac. [2d] 306.)

Anton Koch and L. B. Norton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the superior court of Okmulgee county of grand larceny, and was sentenced to serve a term of two years and six months in the state penitentiary.

At the time charged there was stolen from the Crowe Coal Company 1,600 pounds of copper wire, value $100. This wire was cut from a line which had been used by the owner as a power line on its leases. After being stolen,

it was kept on defendant's premises for about a week; then defendant, under a fictitious name, sold it to a junk dealer at Henryetta.

Defendant explains his possession of this wire by testifying he bought it from a man named Smith, about six feet tall, weighed about 175 pounds, who was a stranger to him, and whom he found having car trouble on the highway, driving a model T Ford; that he had not seen him before nor since; that this stranger offered to sell him the wire at a price at which he could make some money; that defendant then borrowed the money from his aunt and bought it. The explanation of possession is in substance one often made by a person suspected of theft when found in possession of stolen property. The description of the mysterious stranger from whom stolen property is claimed to have been acquired, his name, age, appearance, style of dress, mode of travel, and conduct varies with the imagination of the accused. Generally he is an ordinary looking person, dressed in ordinary clothes; however, at times he is dressed in a dark suit and is wearing a black hat, and at other times he has on overalls and a cap or dressed in some other manner. His name varies, too. Sometimes it is Brown, sometimes Jones, sometimes, as in the instant case, it is Smith. It is too bad that O. Henry or some other short story writer never made the acquaintance of this perennial figure that for so long has traveled the highways and byways at all times of the day and night. The defendant here being so lacking in imagination that he followed the set formula, we are not surprised the jury did not believe his explanation of possession. Webb et al. v. State, 54 Okla. Cr. 150, 16 Pac. (2d) 261.

It is earnestly contended the evidence is insufficient to sustain the judgment, for the reason no one saw defendant take this wire.

Certainly it is essential that the larceny by accused must be proven, but it is not essential that this proof be by testimony of an eyewitness to the taking, for, if such were the law, generally it would be impossible for the state to supply any such proof. As a usual thing, larceny is committed at a time when the thief believes no one is watching; if he believed he were being observed, certainly he would not commit the larceny. The state, perforce, must rely on circumstantial evidence. The most common circumstance and the most convincing is to find one in the possession of recently stolen property. Such possession creates an inference of fact which, with other incriminating circumstances, is sufficient to sustain a conviction. Luther Worley v. State, 31 Okla. Cr. 253, 238 Pac. 225.

In the instant case, the disposing of the property under a fictitious name and the unreasonable explanation of possession are further circumstances pointing to guilt. When found in the possession of stolen property, the burden is on the possessor to explain. Blumhoff v. State, 29 Okla. Cr. 97, 232 Pac. 862; Buford v. State, 27 Okla. Cr. 138, 225 Pac. 568; Whitten v. State, 25 Okla. Cr. 447, 221 Pac. 115.

We find no material error.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.