## ALBERT McCORMICK v. STATE.

No. A—9423.    June 10, 1938.

(80 P. 2d 598.)

Billingsley & Kennerly, of Wewoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J. The information in this case, filed in the superior court of Seminole county August 4, 1936, charged the defendant, Albert McCormick, and three others with the theft of five one year old calves, the personal property of Sam Simpson, alleged to have been committed in Seminole county on or about the 1st day of April, 1935.

Upon arraignment the defendant entered a plea of not guilty.

The record shows that when the case was called for trial, May 17, 1937, the defendant, Albert McCormick, waived his right to a jury trial and it was agreed by and between the parties to try the case to the court.

The evidence on the part of the state shows that on the date alleged the calves in question were taken from Sam Simpson, the owner's place, two miles south and one mile east of Seminole, and the following day were found in Pushmataha county, near the home of the defendant, Albert McCormick. About a year later, the defendant, Albert McCormick, was arrested in Attica, Mich.

George Snyder testified that as agent for the state he went to Attica, Mich., and returned the defendant, Albert

McCormick, to Seminole county; that said defendant voluntarily admitted that he had participated in the theft of the calves.

When the state rested the defendant also rested his case and filed a demurrer to the evidence on the ground that the same is insufficient to support the charge of larceny of domestic animals, which was overruled. Exception allowed.

At the close of the arguments the court announced "that under the evidence the court is of the opinion the defendant is guilty as charged."

On June 29, 1937, a motion for new trial was overruled. Thereupon the court rendered judgment and sentenced the defendant, Albert McCormick, to serve a term of two years in the state penitentiary at McAlester and to pay the costs.

From this judgment the defendant appealed, but no brief has been filed or appearance made in this court, and the case was submitted on the record.

The motion for new trial was based on the alleged insufficiency of the evidence to warrant a conviction, and the errors assigned are based on the same ground.

The rule repeatedly announced by this court is, that it has no power to reverse a judgment of conviction upon the ground that the verdict is not supported by the evidence, unless there is no substantial evidence tending to show defendant's guilt, or the evidence fails so far to support the verdict that the fair inference is that the jury must have acted from passion or prejudice. Hart v. State, 57 Okla. Cr. 372, 48 P. 2d 337; Jamison v. State, 59 Okla. Cr. 62, 56 P.2d 905.

This court has repeatedly held that all that is required by the appellate court in determining the sufficiency of the evidence to support a conviction is to find that there is evidence in the record which forms a sufficient basis for the

verdict of the jury. Whitten v. State, 25 Okla. Cr. 447, 221 P. 115; Pickett v. State, 35 Okla. Cr. 60, 248 P. 352.

Upon the undisputed facts as shown by the record it is apparent that there is substantial evidence tending to show the defendant's guilt, and we think it is simply sufficient to justify and support the finding of the trial court, and the judgment entered thereon.

Accordingly, the judgment of conviction is affirmed.

DAVENPORT, P. J., and BAREFOOT, J., concur.