# G. BALLARD v. STATE.

No. A-9558. Oct. 26, 1939.

(95 P. 2d 239.)

Ward, Justus & Ward, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Dixie Gilmer, Co. Atty., of Tulsa, for the State.

BAREFOOT, J. The defendant was charged in Tulsa county with the larceny of an automobile; was tried, convicted and sentenced to serve a term of ten years in the penitentiary, and has appealed.

It is contended that the verdict is contrary to the law and the evidence, for the reason that it is insufficient. The evidence revealed that on the evening of July 14, 1937, Mrs. Francis Bowder, the owner of a Chevrolet automobile, and her husband parked the same across the street from the Morningside Hospital, in the city of Tulsa. When they returned in about 20 minutes the automobile was

gone. On July 31, 1937, she recovered her car at the police station in the city of Tulsa. The same had been taken from the possession of defendant, who, in company with a young lady, was driving along the streets of the city of Tulsa.

Certain officers, who had been looking for defendant, saw him leave a certain building, in company with a lady companion. They entered the automobile and started the motor. The defendant was arrested, together with his woman companion and another party, all of whom were charged with the larceny of the automobile. Defendant asked a severance, and it was granted. The case against the woman was dismissed.

The officers, after arresting defendant, found in the car what they designated as a "jumper". This was explained by the officers to the jury as being "a piece of wire to wire around the switch". It eliminates the necessity of a switch key. "It is used to wire around the switch, they attach one clip to the hot end, and the other attaches to the coil and it goes by the switch". This instrument was offered in evidence and exhibited to the jury. An examination of the automobile by the officers also revealed that the tag number of the car had been changed from a 1937 Chevrolet sedan License No. 249—361, to a 1935 Model Coupe, License No. 243—985. The motor number on the engine had not been changed.

The officer making the arrest was asked to state the conversation had with defendant at the time he was arrested. He said: "I asked him where he got the car, and he said he borrowed it from a fellow, and I said: 'Who?' and he said he did not know the name."

The defendant did not take the witness stand as he had a right not to do under the law, nor did he present

any evidence, but rested his case upon the ground that the evidence offered by the state was insufficient to sustain a conviction, claiming that the evidence only showed possession of recently stolen property, and was, therefore, insufficient to warrant a conviction.

This question has been before this court many times. The cases cited by defendant to sustain his contention: Patton v. State, 54 Okla. Cr. 393, 22 P. 2d 116, 117; Blumhoff v. State, 29 Okla. Cr. 4, 231 P. 900; Walker v. State, 62 Okla. Cr. 196, 70 P. 2d 1099; Shaw v. State, 13 Okla. Cr. 511, 165 P. 617; Dickey v. State, 62 Okla. Cr. 72, 70 P. 2d 127; Cheeves v. State, 18 Okla. Cr. 480, 196 P. 726, 727, when read do not sustain his contention. Many of them are similar to the facts in the instant case, and are authority for the upholding of the verdict rendered in this case. A careful reading of the ones in which the judgment of the trial court was reversed will reveal a substantially different state of facts from those here under consideration. The rule that has been followed by this court from the early days is that the presumption arising from the possession of recently stolen property is one of fact, and not of law, and, if unexplained, is a circumstance to be considered, and given such weight as the jury may deem proper. The jury is the sole judge as to the weight of the testimony offered. This judgment will not be set aside unless, in the opinion of the court, there was no evidence to sustain it. Cox v. Territory, 2 Okla. Cr. 668, 104 P. 378; Cheeves v. State, 18 Okla. Cr. 480, 196 P. 726, 728; Patton v. State, 54 Okla. Cr. 393, 22 P. 2d 116, 117; Bidwell v. State, 28 Okla. Cr. 1, 228 P. 614; Worley v. State, 31 Okla. Cr. 253, 238 P. 225; Lynn v. State, 63 Okla. Cr. 55, 72 P. 2d 846.

The true rule is expressed by Mr. Bishop, 2 Bish. New Criminal Procedure, sec. 740, when he says:

"When the fact of a theft has been shown, and the question is whether or not the defendant committed it, his possession of the stolen goods, either sole or joint with others, at a time not too long after the stealing, is a circumstance for the jury to consider and weigh in connection with the other evidence. Its significance will vary with its special facts, and with the other facts of the case, among which are the nearness or remoteness of the proven possession of the larceny, the nature of the thing as passing readily from hand to hand or not, what explanations he made on it being discovered that he had the goods, together with such other facts as ought reasonably to influence a juror's opinion."

Not every explanation, reasonable or unreasonable, of the possession of recently stolen property, will justify an acquittal. The jury may not believe, and in this case evidently did not believe, that defendant had borrowed the car from some person whom he did not know, and whose name he could not give. They evidently took into consideration the fact that the tag number had been changed and that instead of a 1937 license tag for a Chevrolet sedan, it had been changed to a 1935 coupe; that the car was not only found in his possession, but that the "jumper", to wire around the switch, was also found in it.

We have carefully examined the ten requested instructions offered by defendant, and the general instructions given by the court. Many of the requested instructions were sound principles of law. Many of the suggestions were covered by the general instructions. The court instructed the jury that the possession of recently stolen property, although unexplained, would not alone warrant the jury in finding the defendant guilty, but was a circumstance which they could take into consideration, together with the other facts and circumstances in the case. But that if the possession was not satisfactorily explained, and it was supported by other incriminating evidence and

circumstances, this would be sufficient to warrant a verdict of guilty. This is in accordance with the decisions of this court. Weber v. State, 29 Okla. Cr. 55, 232 P. 446; Davis v. State, 34 Okla. Cr. 415, 246 P. 651.

The court also correctly instructed the jury upon the question of circumstantial evidence. Where circumstantial evidence is relied upon to prove a crime, it is not required that the circumstances proven shall exclude all possibility of innocence, but only that they shall be inconsistent with any reasonable hypothesis than that of guilt. This principle was covered by the court in its instructions on circumstantial evidence.

It is earnestly contended by defendant that the verdict rendered in this case is excessive. Taking into consideration the evidence and facts, we are inclined to believe that this contention should be sustained. While the evidence was, to our mind, sufficient for the jury to convict the defendant, it was not such as to justify a sentence of ten years in the penitentiary. There is no proof of a former criminal record of defendant. We are of the opinion that the judgment and sentence should be reduced to five years in the penitentiary.

The clerk of this court is hereby ordered to transmit a certified copy of this opinion to the warden of the penitentiary, at McAlester, and that the record be corrected to show a penalty of five years instead of ten. As so modified, the judgment of the district court of Tulsa county is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.