### JERRY SMILEY v. STATE.

No. A-10036. May 21, 1941.

(113 P. 2d 838.)

Rupert E. Martin, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Jerry Smiley, was charged jointly with one John Groves in the district court of Carter county by information on December 13, 1940, with the larceny of an automobile, was tried, convicted and sen-

tenced to serve a term of five years in the State Penitentiary, from which judgment and sentence he appeals to this court.

The only contention made by defendant herein is that the evidence is insufficient to support the judgment and sentence.

The evidence introduced by the state showed that a maroon colored, 1939 Model Ford car, the property of Sid Harrell, was taken from where it was parked in front of Harrell's home sometime during the night of November 19th or early morning of November 20, 1940.

Darrell Briggs, a filling station attendant in the outskirts of Ardmore, testified that the defendant, with another man whom he was unable to identify, drove into the filling station where he was working early in the morning of November 20th, ordered some gasoline, and after he had filled their tank, they drove off without paying for it. Two policemen were just across the street from the filling station at the time this occurred, and at Briggs' request they started a chase after the automobile which the defendant was driving. According to the testimony of the policemen, they were only about a quarter of a mile behind the defendant and his companion, but were unable to overtake the car before it was abandoned four or five miles south of Ardmore.

It had been raining at the time of these occurrences, and the roads and fields were wet and muddy. Two or three hours later on the same morning, the defendant was arrested in Ardmore by the Ardmore police. His clothes were wet and muddy. The owner of the automobile which was stolen identified the vehicle which had been abandoned as his automobile, and the filling station attendant positively identified the defendant as the person who was driving the stolen car.

John Groves was not identified as the other man with defendant. The court sustained a demurrer to the sufficiency of the evidence as to Groves, but overruled the demurrer as to the defendant.

The defendant offered no evidence in his own behalf.

In considering the sufficiency of the evidence, the function of this court is limited to ascertaining whether there is a basis in the evidence on which the jury could reasonably conclude that accused is guilty as charged. There is abundant evidence in this case from which the jury could logically and reasonably conclude that defendant committed the offense charged. Whitten v. State, 25 Okla. Cr. 447, 221 P. 115; Carroll v. State, 55 Okla. Cr. 197, 28 P. 2d 588.

The case is accordingly affirmed.

BAREFOOT, P. J., concurs.  DOYLE, J., absent.