# HOEY DECKARD v. STATE.

No A-10583.   June 13, 1945.

(159 P. 2d 756.)

W. C. Peters, of Tulsa, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Dixie Gilmer, Co. Atty., of Tulsa, for defendant in error.

BAREFOOT, P. J.   Defendant Hoey Deckard was charged in the district court of Tulsa county with the crime of stealing an automobile, was tried, convicted, and sentenced to serve a term of 12 years in the State Penitentiary.   From this judgment and sentence he has appealed.

Defendant, being unable to give bond pending appeal, is imprisoned in the State Penitentiary, and for this reason his case has been advanced.

Defendant was unable to employ counsel, and the court appointed Mr. W. C. Peters, public defender, of

Tulsa county, to defend him, and he has prosecuted this appeal.

The only assignment of error necessary to be considered is that the judgment and sentence is not sustained by the evidence, and is excessive.

The testimony in this case, as disclosed by the record, shows that Richard Lloyd Jones, of Tulsa, was the owner of a 1939 Packard sedan automobile, Oklahoma tag No. 2-2001. That Mr. Jones was not in the city of Tulsa, or the State of Oklahoma, on August 15, 1944, at the time the above car was stolen; that he did not know and had never heard of the defendant, and did not give his consent or permission for defendant to use his automobile.

Capt. H. G. Barnett testified that he was a guest in Mr. Jones' home on August 15, 1944, and on that evening saw the automobile there, and that some of the colored help drove it to the K C Auto Hotel and parked it. He testified that he saw the car the next morning at the American garage.

Mrs. Nell Snider testified that she was working at the K C Auto Hotel on or about August 15, 1944. Her identification of the defendant was as follows:

"A. I saw this fellow and I knew he was a stranger and I got up to see where he was going and at that time there was some one came to the window and I waited on the customer at the window, but I did not see him go out."

After some questioning by the county attorney, she stated:

"Q. (By Mr. Gilmer) All right, Mrs. Snider, did you see the Jones car brought in that night? A. I did. Q. And when, in your best judgment, after the Jones car

was brought in, did you see this man come into your auto hotel? A. I would say two hours, something like that. Q. And this man you describe is the defendant in this case, is that correct? A. That is the fellow I saw, yes, sir. Q. Did you later learn his name? A. I don't know his name now. Q. Is he the man you see seated by counsel here at the table? A. Beg your pardon? Q. Do you see him in the courtroom right now? A. I see him there."

She testified that she did not see the defendant drive the car out, but she did see him at the premises just prior to the time the car was taken.

It is noted that the party who brought the automobile to the K C Auto Hotel and the party who received it were not placed on the witness stand by the state.

The information charged that the motor number of the car was No. 0501915B, but the tag number was not alleged in the information.

Elizabeth Ann Poshek testified that she lived at No. 29 South Zunis, in Tulsa; that she saw the defendant about 10:30 the night of August 15, 1944; that two cars came driving down by her home going west, one a Chevrolet and one a Packard. She heard the driver of the Packard car, which was following the other, swear and tell the driver of the first car to go over to the curb, which he did. The driver of the Packard jumped out of his car and ran to the back of the Chevrolet, and the driver of the Chevrolet opened the door and a girl jumped out and ran away. There were two other parties in the Chevrolet car, and she heard the driver of the Packard say, "If any of you make one move I will kill the whole bunch of you." She testified that she saw the license number of the Packard car, and it was 2-2001, and she called the police and they came to the scene, and she told them she would file a charge for speeding and running a stop line.

Edward L. Redd testified to the same facts as Mrs. Poshek. He lived in close proximity to the Poshek residence, and was at this residence at the time, as his aunt was living there. He testified that the Packard came back by the house several times, "at an enormous rate of speed."

James R. Lang, a Tulsa police officer, testified that he was called to First and Zunis and talked to Mrs. Poshek, and she gave them the tag number of the Packard car, and they soon found it parked across the street from the Circle Bar. They parked for 40 or 45 minutes "spotting" the car. They saw the defendant come out of the bar, enter the car, and back out and turn south. He was stopped and arrested by the police officers after he had gone several blocks. They asked defendant who owned the car, and his reply was that he had borrowed it from a fellow in the bar to go after a pint of whisky; that the man had given him $5, and he was going to take the whisky back to the Bar. The officer testified that defendant did not know the name of the man from whom he said he borrowed the car and for whom he was to get the whisky. He also testified that it was a Packard car, having an Oklahoma 1944 license tag No. 2-2001.

Defendant was charged under 21 O. S. 1941 § 1720, which is as follows:

"Any person in this state who shall steal an automobile or other automotive driven vehicle shall be guilty of a felony, and upon conviction shall be punished by confinement in the State Penitentiary for a term of not less than five (5) years, nor more than twenty (20) years."

We have examined many Oklahoma cases cited under the annotation of the above statute, and involving the

charge of stealing an automobile. It is unnecessary to cite the cases, for the reason that they may be found in the citation in the statute. Many of them have some similarity to the instant case. In almost all of the cases, the judgment of conviction was affirmed. In some of the cases, judgment and sentence was modified to five years, the minimum punishment prescribed by the statute; this depending on the facts of the individual case.

The defendant in the case at bar did not take the witness stand, or call any witnesses in his behalf. The record does not, therefore, reveal whether the defendant had a previous record of having been convicted and served a term or terms in the penitentiary. Nor does the record disclose the age of the defendant. If the record had disclosed that the defendant had not before been convicted, and that he had previously had a good reputation, we would not hesitate to modify the sentence in this case to the minimum of five years in the penitentiary. The facts in the instant case are not very strong. They do show that the defendant entered the K C Auto Hotel in Tulsa and stole the Packard automobile of Richard Lloyd Jones, and the same was found in his possession by the officers, and he did not tell the truth as to how he obtained possession of the same. His story was not only unbelievable, but untrue. The jury undoubtedly came to the conclusion that the defendant had not only stolen the car, but was making an attempt to leave the city, and possibly the state at the time of his arrest.

We have often held that the possession of recently stolen property is not in itself sufficient to authorize a conviction for the crime of larceny. But that the possession of recently stolen property creates an inference of fact, which, together with other facts and incriminat-

ing circumstances, is sufficient to sustain a conviction. Miller v. State, 54 Okla. Cr. 17, 13 P. 2d 599; Bidwell v. State, 28 Okla. Cr. 1, 228 P. 614; Chrisman v. State, 22 Okla. Cr. 52, 209 P. 656; Ballard v. State, 68 Okla. Cr. 39, 95 P. 2d 239.

As to the judgment and sentence being excessive in this case, the record does not give sufficient facts for this court to come to the conclusion that the same is excessive. If the facts justify, this matter can be called to the attention of the Pardon and Parole Board of this state, as they have ample facilities for an examination into the true facts.

Finding no error in the record, the judgment of the district court of Tulsa county is affirmed.

JONES, J., concurs. DOYLE, J., not participating.