**Glenn Allen POE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–73–447.

Court of Criminal Appeals of Oklahoma.

May 17, 1974.

Robert E. Prince, Lawton, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., John Wilkinson, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Glenn Allen Poe, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Comanche County, Oklahoma, Case No. CRF–72–651, for the crime of Possessing and Concealing Stolen Property and was sentenced to a term of three (3) years in the state penitentiary. From said judgment and sentence a timely appeal has been perfected.

Simply stated, the evidence adduced at trial is as follows: The parties stipulated that on or about the 11th day of October, 1972, a Sansui stereo amplifier belonging to Craig B. Finley was removed from his home in Lawton, Comanche County, Oklahoma, without permission by a person or persons unknown. Craig B. Finley testified that he was the owner of the amplifier and positively identified State's Exhibit No. 2 as being same. He further testified that after the burglary he next saw the amplifier at a local pawn shop. Linda Diane Finley was then called and corroborated her husband's testimony.

The State then called Carroll Tollett, the proprietor of the Cache Road Pawn Shop, Lawton, Oklahoma. Tollett testified that on the 12th day of October, 1972, he purchased the subject amplifier from one "John Poe" for $50.00. He then identified the defendant as being the "John Poe" who sold the amplifier and showed him a Navy I.D. card in the name of "John Poe". A purchase slip signed "John Poe" by the defendant was then admitted into evidence.

The State then called as its final witness Officer Carl Lindgren of the Lawton Police Department who testified that on the 13th day of October, 1972, he arrested the defendant. When the defendant was booked, the officer noticed a Navy I.D. card reflecting the name "John Poe" in his billfold at which time the defendant stated that the I.D. card belonged to his brother.

After having his demurrer to the evidence overruled by the trial court, the defendant, Glenn Allen Poe, was called to the stand to testify in his own behalf. He stated that he purchased an amplifier from a Larry Bryant on Monday, the 9th day of October, for $40.00. Bryant told the defendant that he bought the amplifier in Vietnam, was going home on leave and needed $40.00. After purchasing the amplifier, the defendant was advised that it would cost about $60.00 to put it in operating condition, so he sold it to Carroll Tollett at the Cache Road Pawn Shop on the 11th or 12th of October for $50.00. Tollett asked for an I.D. and the defendant showed him a Navy I.D. of his brother's since his own driver's license was smudged and unreadable. He told Tollett that the I.D. was his brother's and Tollett indicated there was no problem. On the 13th of October the defendant was arrested on suspicion of burglary but subsequently released. He was then arrested again on the 18th on the charge of receiving stolen property. At the time of his last arrest he did not know the amplifier was stolen. The defendant got out of jail the following Monday and talked to one Johnny Goodson who admitted that he had committed the burglary. Defendant tried to find Larry Bryant but was unsuccessful until Bryant came back to Lawton in November. At that time Bryant told the defendant that the amplifier had not come from Vietnam as he had first stated, but that he had bought it from Johnny Goodson and did not think it was stolen. Defendant further stated that he would not have hocked the amplifier if he had known it was stolen since he knew that the local police checked pawn shops after burglaries.

■ An examination of the record reflects that the conviction appealed from is based solely on circumstantial evidence. The record further reflects that the trial court failed to instruct the jury concerning circumstantial evidence. However, the instructions were not objected to by defense counsel and no instructions were requested. The issue was not raised by a motion for new trial nor was it raised by the defendant's brief. Therefore, the question becomes moot.

■ The defendant is charged with knowingly concealing and withholding stolen property. The fact that he had the stolen amplifier in his possession shortly after the burglary and sold same under an assumed name is sufficient circumstantial evidence to withstand a demurrer to the evidence. Whether or not the defendant adequately explained those circumstances is left to the jury. Patton v. State, 54 Okl. Cr. 393, 22 P.2d 116.

The defendant's first proposition in error contends that the trial court abused its discretion in overruling the defendant's request for a transcript of the preliminary hearing as alternate devices were not sufficient to fulfill the same function.

In the recent case of Morgan v. Graham, Okl.Cr., 497 P.2d 464, this Court recognized that an indigent defendant is not always entitled to a free transcript. See Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400. *Morgan,* supra, sets out two guidelines for the trial court to consider in ruling on an indigent defendant's request for a transcript: (1) the value of the transcript to the defendant in connection with the trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same function as the transcript.

■ In the instant case, although defense counsel did not take part in the preliminary hearing, defense counsel admits in his brief that tapes of the preliminary hearing were available and he listened to them. This provided an adequate alternative to a transcript at public expense. The record reflects no necessity or attempt to impeach a witness. Therefore, we cannot say that the trial court abused its discretion, and defendant's first proposition is without merit.

The defendant's last proposition urges that the trial court abused its discretion in overruling the defendant's motion for new trial upon the grounds of newly discovered evidence. The newly discovered evidence presented upon hearing said motion was the testimony of Larry Bryant. Bryant testified that he sold the amplifier to defendant and that he got it in Vietnam. only later and after defendant's arrest did Bryant tell the defendant that he got the amplifier from one Johnny Goodson. At that time the defendant did not ask Bryant to testify in any upcoming trial. Bryant then testified that he left Lawton and went to Longview, Texas, to live with his father, that he did not return to Lawton until after the defendant's trial, and that his mother knew his father's address in Texas.

The defendant then testified that he tried to find Bryant to testify at trial but Bryant's mother, sister, and girlfriend did not know Bryant's whereabouts. No subpoena was issued.

In High v. State, Okl.Cr., 401 P.2d 189, this Court held as follows:

"Where evidence is urged by defendant on motion for new trial on the ground the same is newly discovered, it must be established that the same, if exisiting at the time of trial, could not have been procured before trial by the exercise of due diligence and failure to do so constitutes a bar to a new trial on such ground."

■■ A new trial should not be granted on the ground of newly discovered evidence where the evidence is merely cumulative or is for the purpose of impeachment, and it must appear that, if newly discovered evidence had been introduced at trial, there is reasonable probability that a different result would have been reached. Pruitt v. State, Okl.Cr., 270 P.2d 351. A dispute as to whether the new evidence has

said probative effect is to be determined primarily by the trial court in its discretion, and a reversal will not be ordered unless an abuse of discretion is disclosed. See 58 Am.Jur.2d § 171.

In the instant case, Bryant's testimony was available before trial and no subpoena was issued. Defense counsel did not ask for a continuance in order to obtain Bryant's testimony. The transcript of the hearing on said motion reflects that Bryant's testimony would only have been cumulative and there is a reasonable question whether Bryant's testimony at trial would have resulted in a different verdict. Therefore, for all the reasons set out above, it is the opinion of this Court that the trial court did not abuse its discretion in overruling defendant's motion for new trial.

The record as a whole reflects that the defendant suffered no violation of a substantial right in the instant case. He obtained a fair and impartial trial before a jury and the judgment and sentence appealed from should be and the same is hereby

Affirmed.

BUSSEY, J., specially concurs.

BRETT, J., dissents.

BRETT, Judge (dissenting.)

I respectfully dissent to this decision for the reason I believe defendant's motion for new trial should have been granted. In the first instance, defense counsel was appointed to represent the defendant one week prior to trial; consequently, his efforts were limited by circumstances at least. Likewise, at the time of trial Larry Bryant was not in the vicinity of Lawton, and no one seemed to know of his whereabouts. To contend that defense counsel did not show due diligence in locating the witness is an overstatement. In his brief to the trial court, the Assistant District Attorney recited that defense counsel had at his disposal all the facilities of the National Crime Information Center, and had he issued a subpoena for Bryant, those facilities would have been utilized to locate Larry Bryant, even though he was outside the State of Oklahoma. I feel certain that such information must have come as a surprise to defense counsel. Admittedly, it would have been better if defense counsel had asked for the issuance of a subpoena for Bryant; but being without an address to supply, he must have considered the effort to be futile.

The Assistant District Attorney also argued that Larry Bryant's testimony was merely cumulative because at his trial the defendant testified to the same facts. Bryant's testimony, given at the hearing on the motion for new trial, supported that provided by defendant. Had the jury believed Bryant's testimony that defendant had no reason to believe the amplifier was stolen, the jury might have reached different results. Otherwise there would have been no reason to presume defendant was concealing stolen property. It also seemed to be pretty well settled that Bryant was outside the State of Oklahoma during much of the time concerned.

At one time when Bryant was back in Lawton, the police went to the home of Bryant's mother, where he was staying, and picked him up to go to the trailer house to open it so a search could be made for other property stored there. Bryant testified at the hearing that Johnny Goodson was with the officer at the time. He also testified that Goodson was the person who brought the property to his trailer house to be stored, but he said that at that time he did not know the property was stolen. After he learned that the property was stolen, he did not communicate that fact to defendant until later. Nonetheless, when the time for trial arrived, Larry Bryant was not in the State of Oklahoma and his whereabouts was not known to defense counsel at the time.

Considering all the facts, it appears to me that defendant should be granted a new trial. Notwithstanding the Assistant District Attorney's contentions, the facilities

to a court-appointed defense counsel are limited; and as a consequence, the manner in which he must obtain evidence is a struggle. I believe with the testimony of Larry Bryant the jury would have reached different results. Therefore, I dissent.