## MILLER *v*. THE PEOPLE.

In a charge of larceny, if the *animus furandi* is wanting, the act is not larcenous.

*Error to District Court of Gilpin County.*

THE facts are sufficiently stated in the opinion.

Mr. HUGH BUTLER and Messrs. MORRISON & WHITE, for plaintiff in error.

A. J. SAMPSON, attorney-general, for defendant in error.

THATCHER, C. J. The defendant was found guilty, as charged in the third count of the indictment. By the third count he was charged with feloniously stealing, taking, and

carrying away two thousand feet of clear lumber, twenty thousand feet of mixed lumber, one Dodge quartz crusher, one steam boiler and engine, two large iron pulleys, four pieces of iron shafting, being the goods and chattels of Nicholas B. Brown, mortgagee of the Argentine Company. The court instructed the jury *inter alia*:

"To constitute the defendant guilty of larceny in this case, you must find that he wrongfully or fraudulently took and carried away the property of the Argentine Company or of the mortgagee, Nicholas B. Brown, mentioned in the indictment, to the amount of twenty dollars or more, with the intent to convert the same to his own use, or to convert the proceeds thereof to his own use."

This instruction is erroneous. Not every *wrongful* taking of property with intent to convert the same to one's own use is larceny. If the *animus furandi* is wanting, the act is not larcenous, but a trespass only.

The evidence tended to show that under a claim of right as agent of the Argentine Company, the defendant removed the machinery above described from the mill (located on a public road) owned by the Argentine Company, the distance of a hundred or a hundred and fifty yards, and set it up in the Sukey mill; that the Sukey mill is on the same road as, and in plain view from, the Argentine Company's mill; that he had sold certain old lumber which had formed part of the Argentine Company's mill. There was no attempt at concealment. The several acts which it is alleged constitute the larceny were done in daylight. Almost a week was consumed in removing the property. In view of this evidence, the instruction of the court, above set out, and of which the defendant below now complains, we are constrained to conclude may have influenced the verdict to his prejudice. Whether, in view of all the evidence, the defendant's claim of right was a mere pretense, not asserted in good faith, should, under proper instructions, have been submitted to the jury. 3 Greenl. Ev., § 157; 2 Bishop's Cr. Law, § 851.

Judgment reversed and cause remanded.

*Reversed.*