MONROE JOHNSON v. UNITED STATES.

No. 647, Ind. T.    Opinion Filed February 4, 1909.

(99 Pac. 1022.)

1.    LARCENY—Evidence—Title to Property—Instructions. Where the defense in a larceny case offers proof to show that the accused honestly believed, at the time of taking of the property alleged to be stolen, that it was his property, it is error for the court to refuse to instruct the jury when requested by the accused that: "If the property mentioned in the indictment was the property of the defendant, you will acquit him; or, if you have a reasonable doubt as to whether it was defendant's property or not, you will acquit him." It is likewise error in such a case for the court to refuse to instruct the jury when requested

Statement of Facts.

by the accused as follows: "If the property mentioned in the indictment was the property of the party named in the indictment at the time of the taking by the defendant, yet if the defendant believed that said property was his, you will acquit him; or, if you have a reasonable doubt as to whether he thought the property was his when he took it, you will acquit him."

2. **SAME—Instructions—Burden of Proof.** In a larceny case, where the defense is made upon the theory that the defendant honestly believed he was taking his property when he took the property alleged to have been stolen, it is error for the court to instruct the jury as follows: "The jury are further instructed that, although they may believe from the evidence, beyond a reasonable doubt, that the defendant took and drove away the animal in question, as charged in the indictment, still, if they further believe from the evidence, and are satisfied from the testimony, that the defendant took the property under a claim of title by him honestly entertained (it must be honestly), then he is not guilty of larceny."

3. **CONDUCT OF COUNSEL—Misconduct of Prosecuting Attorney —Reversal.** The judgment of the court below will not be reversed when the error complained of is (except in capital offenses) founded upon the improper conduct of the prosecuting attorney, unless the record shows that the accused not only objected to the statements and arguments at the time they were made, but moved the court to withdraw them from the jury and admonish the jury against considering them, and the record shows the overruling of such motion.

(Syllabus by the Court.)

*Error from the United States Court for the Western District of the Indian Territory; Louis Sulzbacher, Judge.*

Monroe Johnson was convicted of larceny, and brings error. Reversed and remanded.

The accused in this case was indicted during the December, 1904, term of the United States Court for the Western District of Indian Territory sitting at Wagoner, on the charge of grand larceny and receiving stolen property, and on the 7th day of March, 1905, the case was tried, and resulted in a verdict of guilty of grand larceny, and a sentence to the United States penitentiary at Ft. Leavenworth, Kan., for a period of three years, and to pay a fine of $50. An appeal was duly prosecuted to the United

2 Cr.—2

States Court of Appeals for the Indian Territory, and this case was pending in that court when the state of Oklahoma was admitted into the Union. Under the provisions of the Enabling Act and the Constitution of this state this case was duly transferred to the Supreme Court. Upon the creation of this court the Supreme Court duly transferred the case to this court. Objections and exceptions were duly taken and properly saved in the record by the accused in the court below in respect to all the errors herein complained of. A motion for a new trial was made in due time and overruled, to which ruling the accused duly objected and excepted, and now prosecutes error in this court to reverse the judgment of the court below.

*Chas. G. Watts, De Roos Bailey,* and *Thomas H. Owen,* for appellant.—

On question of court's duty to instruct jury to assess the punishment: *Watkins v. U. S.* (Ind. T.) 41 S. W. 1045; Mansfield's Dig. Laws of Ark., §§ 2219, 2282, 2283, 2308.

On question of proper instruction relative to accused's claim of ownership to property alleged stolen: Blashfield's Instructions to Juries, vol. 2, § 1768; *Lawrence v. State,* 20 Tex. App. 536.

On question of improper conduct of prosecuting attorney: *Parker v. State,* 67 S. W. 121; *Murmitt v. State,* 67 S. W. 508; Enc. Pl. & Pr., vol. 2, p. 727.

*Charles West,* Atty. Gen., and *W. C. Reeves,* Asst. Atty. Gen., for the United States.

BAKER, JUDGE. (after stating the facts as above). The petition in error of the accused alleges that there is manifest error in the action, rulings, and opinions of the court below, and makes the following specifications:

(1) The court erred in not granting appellant a new trial.

(2) The court erred in rendering judgment on the verdict of the jury.

(3) The court erred in rendering judgment on the verdict, the said verdict being a general one.

(4) The court erred in not instructing the jury, at the request of appellant, as follows:

"You are instructed that before you will be authorized to find the defendant guilty, you must believe that the property mentioned in the indictment was the property of the party named in the indictment, and that the defendant feloniously took the same."

(5) The court erred in not instructing the jury, at the request of appellant, as follows:

"If the property mentioned in the indictment was the property of the defendant, you will acquit him; or, if you have reasonable doubt as to whether it was defendant's property or not, you will acquit him."

(6) The court erred in not instructing the jury, at the request of appellant, as follows:

"If the property mentioned in the indictment was the property of the party named in the indictment at the time of the taking by the defendant, yet, if the defendant believed that said property was his, you will acquit; or, if you have a reasonable doubt as to whether he thought the property was his when he took it you will acquit him."

(7) The court erred in not stopping the attorney for the government at the request of appellant, who, in closing the case, used the following language:

"You can't afford to turn these defendants loose on their own testimony. This case reminds me of a case I tried at Eufaula. To illustrate, last week at Eufaula I tried a case in which a negro was charged with stealing cattle. That negro used to live at Wagoner, and was identified there by persons who lived in Wagoner. That negro took the stand and testified that he was never in Wagoner in his life, and told such a straightforward and impressive story that he almost convinced his honor on the bench that he was not guilty, and in fact he had me doubting as to whether he was guilty, until I got hold of him on cross-examination, and there were some things cropped out that convinced me that he was not telling the truth, and now we can prove by a dozen negroes in Wagoner that he did at that time live near Wagoner, and that he is the identical party that he was identified to be in Eufaula. If you turn this defendant loose in the face of

this evidence, I want you to come to me and this court with a petition to dismiss every case of larceny on this docket."

(8) The court erred in not allowing the jury to assess the punishment of appellant.

(9) The court erred in refusing appellant's request that the jury fix his punishment in the event of his conviction.

The court instructed the jury in this case as follows:

"The jury are further instructed that, although they may believe from the evidence, beyond a reasonable doubt, that the defendant took and drove away the animal in question, as charged in the indictment, still, if they further believe from the evidence, and are satisfied from the testimony that the defendant took the property under a claim of title by him honestly entertained (it must be honestly), then he is not guilty of larceny."

The effect of this charge is practically to shift the burden of proof from the prosecution to the accused; for, the jury to be instructed that if they believe and are satisfied from the evidence in a criminal case means that they are satisfied beyond a reasonable doubt. Whereas, if the evidence introduced is sufficient to create in the minds of the jury a reasonable doubt as to whether the property forming the subject of the larceny was the property of the defendant or not, then upon such evidence it was the duty of the court to acquit. The court, therefore, erred in giving said charge, and the rights of the accused were thereby prejudiced.

It was, for the same reason, error for the court to refuse to give the following instructions requested by the accused:

"If the property mentioned in the indictment was the property of the defendant, you will acquit him; or if you have a reasonable doubt as to whether it was defendant's property or not, you will acquit him."

"If the property mentioned in the indictment was the property of the party named in the indictment at the time of the taking by the defendant, yet if the defendant believed that said property was his, you will acquit him; or, if you have a reasonable doubt as to whether he thought the property was his when he took it, you will acquit him."

In the case of *William Lawrence v. State,* 20 Tex. App. 536, the court held:

"One of the instructions given by the court to the jury was as follows: 'The jury are further instructed that if they believe from the evidence that the defendant took the hogs charged in the indictment, but that he so took them with an honest belief, although he may have been mistaken in such belief, that he had the right or authority so to do, or if the evidence on this point is such as to raise in your minds a reasonable doubt as to whether the defendant did believe he had the right to take such hogs, then in such case you will give him the benefit of such doubt and acquit him.' "

The rule laid down in the above case is fully approved by this court, and we feel that citation of further authorities on this subject is unnecessary.

The accused complains of the action of the court below in not instructing the jury to assess the punishment of the accused in the event they found a verdict of guilty; but that, on the contrary, the court instructed the jury that it was the duty of the court below to fix and prescribe the punishment in case of such a verdict. Chapter 46 of Mansfield's Digest being in full force in the Indian Territory at the time of the trial of this case in the court below, the provisions of said chapter should have governed the court in the trial and disposition of the case at bar, Mansf. Dig. Ark. § 2282 (Ind. T. Ann. St. 1899, § 1625), found in said chapter, reads as follows:

"The jury may render either a general or a special verdict."

Section 2283 (section 1626) reads as follows:

"A general verdict is either 'guilty' or 'not guilty'; if guilty, the jury affixing the punishment, if the amount thereof is not determined by law."

Section 2308 (section 1651) of the same chapter reads as follows:

"When a jury find a verdict of guilty and fail to agree on the punishment to be inflicted, or do not declare such punishment in their verdict, or if they assess a punishment not authorized by law and in all cases of judgment on confession, the court shall

assess and declare the punishment and render judgment accordingly."

In the case at bar the verdict rendered was a general one. It was therefore the duty of the jury to assess the punishment in accordance with the provisions of the chapter above referred to. and the court erred in refusing to instruct the jury as requested by the accused. The court should have instructed the jury that if they agreed upon a verdict of guilty, to assess the punishment of the accused; and the court below committed reversible error in not so instructing the jury.

The other specification of error relied on by the accused grows out of the alleged improper conduct of the prosecuting attorney. The record discloses that counsel for the accused objected to the statements made in the closing argument of the prosecuting attorney in this case, but does not show that the accused asked the court to withdraw said statements from the jury and instruct them to disregard said statements. This court has held, in the case of *Buck v. Territory of Oklahoma,* 1 Okla. Cr. 517, 98 Pac. 1017, and in the case of *Bilton v. Territory of Oklahoma,* 1 Okla. Cr. 566, 99 Pac. 163, that it is the duty of the trial court to confine counsel strictly within the facts of the case; and, if counsel persistently go outside of the record in their argument or statements to the jury, then the court should punish them, and if they should obtain their verdict by means of statements outside of the record, then the court should set the verdict aside. When the prosecuting attorney goes outside of the record and makes improper remarks calculated to prejudice the rights of the accused, it is the duty of the counsel of the accused to promptly interpose an objection to such remarks, and move the court to withdraw them from the consideration of the jury, and instruct the jury not to consider them. In the absence of the record showing a motion by the accused to withdraw from the consideration of the jury the remarks complained of and the overruling of said motion, in cases other than capital offenses, this court will not reverse the judgment below on account of such remarks. This court is mind

ful of the fact that in some jurisdictions it is held that where unwarranted and prejudicial comments are made by. the prosecuting attorney, the proceedings become so fatally infected that a withdrawal of the objectionable remarks and instructions by the court to the jury to disregard them cannot be held to remove the jury which would necessarily follow their pernicious and unwarranted effect; but, after a careful consideration of the authorities, we think the weight fairly sustains the proposition, that ordinarily the court can repair the injury by excluding such remarks from the consideration of the jury, and by promptly admonishing them against such conduct. This court desires to be understood in the strongest terms as condemning such conduct on the part of the prosecuting attorney as is shown by the record in the case at bar. There was absolutely no justification·for the use of such remarks, and they are clearly outside of the record, and the court below having permitted such remarks on the grounds that they were illustrative of the testimony in the case discloses the fact that the honorable court below either had an erroneous conception of the law, or was unmindful of the legal rights of the accused; and, if the record in the case at bar would have shown a motion by the accused to withdraw such statements from the jury, and to properly admonish them against the conduct of the prosecution, and that such motion was overruled, this court would not hesitate to set aside the verdict on account of such misconduct alone. . This court fails to see that the duty of the prosecutor in the discharge of the duties of his office, the protection of the interests of society, and the proper regard for the administration of public justice, excuses, much less requires, such conduct as is disclosed in the record in this case.

Adhering to the rule of this court and the statutes of this state that a case shall not be reversed upon technicalities merely, we feel that the errors complained of in this case are not technical, but substantial, and clearly convinces this court that the accused did not have a fair and impartial trial, and that his substantial rights were not properly protected by the court.

For the errors pointed out, this case is reversed and remanded. FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.