No. 18,900.

THE STATE OF KANSAS, *Appellee,* v. BUD MUIR, *Appellant.*

SYLLABUS BY THE COURT.

COMPLAINT—*Two Counts—Felony and Misdemeanor—Guilty on Both—Judgment Arrested on Felony Count—Sentence for Misdemeanor—No Error.*   One continuous and indivisible transaction was charged in two counts of a complaint, one for obstructing and opposing an officer in an attempt to serve a warrant, and the other for assault and battery upon the officer while attempting to serve the warrant.   The trial was conducted without objection on the part of the defendant in all respects as for a misdemeanor, and the court instructed

the jury that he was charged with a misdemeanor. He was found guilty on both counts. He then claimed the first count charged a felony, and moved that judgment be arrested because he had not been accorded a preliminary examination, had not enjoyed the full number of challenges to jurors, and had been tried and found guilty as for a misdemeanor. Judgment was arrested on the first count and entered on the second count. *Held,* the facts stated furnish no ground for reversing the judgment on the second count.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed April 11, 1914. Affirmed.

*A. J. Bolinger,* of Topeka, for the appellant.

*John S. Dawson,* attorney-general, *S. N. Hawkes,* assistant attorney-general, and *W. E. Atchison,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted in the court of Topeka upon a complaint charging him in one count with obstructing and opposing an officer in an attempt to serve a warrant for the defendant's arrest, and in a second count with assault and battery on the officer while attempting to serve the warrant. The defendant appealed to the district court, where he was again convicted on both counts. A motion in arrest of judgment was sustained as to the first count. Judgment was entered on the verdict of guilty under the second count, and the defendant appeals.

Although the charging part of the first count used the word "feloniously," the case was tried as if each count charged a misdemeanor, and the court in its instructions to the jury referred to the entire charge against the defendant as one for misdemeanor. It is said that the court misdirected the jury in a material matter of law.

There is no bill of exceptions. The warrant which the officer was attempting to serve when resisted and

The State v. Muir.

assaulted and beaten is not preserved, and the proof may have disclosed that it issued in a misdemeanor and not in a felony case. In that event resistance of service was a misdemeanor only, but it is no longer material whether the court called the offense charged in the first count a felony or a misdemeanor, and the reference to the charge in the second count as being one for a misdemeanor was apposite.

It is said that the verdict is bad because it found the defendant guilty on both counts as charged in the complaint, that is, guilty of a felony and of a misdemeanor. There is no contention that guilt of a misdemeanor under the second count was not fully proved, and it is no longer of any consequence what happened under the first count.

It is said that the court erred in sustaining the motion in arrest of judgment. If so the defendant can not complain. He asked the court to sustain it and thereby escaped punishment on one count. Perhaps the defendant means that the court erred in sustaining the motion in arrest of judgment as to one count only. The grounds of the motion in arrest of judgment were that the defendant was charged with a felony, that he had been accorded no preliminary examination and had not waived the right to such examination, that he had not had the advantage of the proper number of challenges to jurors, and that he had been tried as for a misdemeanor. If these things were true they did not singly or collectively furnish ground for a motion in arrest of judgment.

"A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a verdict of guilty or finding of the court, and may be granted by the court for either of the following causes: *First,* that the grand jury who found the indictment had no legal authority to inquire into the offense charged, by reason of it not being within the jurisdiction of the court; *second,* that the facts stated do not constitute a public offense." (Crim. Code, § 277.)

By submitting to a trial as for a misdemeanor without objection, the defendant waived preliminary examination and extra challenges to jurors. If all the grounds stated in the motion for arrest of judgment were true, they had no relevancy to the second count, the only one on which judgment was pronounced and the only one to be considered in this appeal.

It is said that the submission of two offenses to the jury, one a felony and the other a misdemeanor, must have prejudiced the jury against the defendant. As remarked before, the evidence is not here and the court can not say from the record that the defendant's substantial rights were infringed. In his brief, however, it is stated that the two charges related to one continuous and indivisible transaction. This being true the defendant could not be harmed no matter how many counts were employed in charging the transaction or how many legal aspects it presented, if the proof showed to the satisfaction of the jury that it took place.

The judgment of the district court is affirmed.