No. 8860.

PETERSON v. THE PEOPLE.

1. CRIMINAL LAW—*Instructions*—*Assuming Matter in Issue.* Indictment for larceny of live stock. There was evidence that the accused had taken the animals in question into his possession and branded them. Being charged with their larceny he had afterwards before initiation of the prosecution, surrendered them to the one alleged to be the owner. An Instruction which told the jury that if they believed beyond a reasonable doubt that defendant had taken the animals, with intent to steal, etc., they should find him guilty though he "afterwards returned them to the owner." *Held* an assumption of ownership in another, and fatal error.

2. —— *Reasonable Doubt.* The accused is entitled to an instruction that if the jury entertain a reasonable doubt as to whether on assuming possession of the chattels alleged to be stolen, and asserting title thereto, he acted in good faith, they should acquit.

*Error to Lincoln District Court, Hon. J. E. Little, Judge. En banc.*

Mr. HENRY TROWBRIDGE, Mr. ROY E. DICKERSON, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General, Mr. IRVING VAN BRADT, assistant, for The People.

Opinion by Mr. Justice Teller.

Plaintiff in error was convicted of stealing three calves the property of one Lee, and brings error.

The principal witness for the State was one Horwood, a young man who had been employed by the defendant on

his farm. This witness testified that, the defendant being away from home, he went out on the range and drove up the milk cows; that four young cattle followed along with the cows to the defendant's premises; that defendant came home after dark, and asked whose calves were out in the road; that witness replied that he did not know, and that defendant then told him to drive them in, and he did so; that the next morning defendant looked the calves over, and drove off one of them which was branded; that in the afternoon of that day he helped defendant brand the three calves, and two cows which had not been found on the day before, when a large number of defendant's cattle had been branded at a neighbor's place. Witness testified further that defendant subsequently admitted that the calves probably belonged to Lee, and that defendant kept them shut up, and in reply to inquiries by Lee as to calves for which he was looking made statements tending to keep Lee from finding the calves; that the witness, when quitting defendant's employment, accused him of stealing the calves, and made the same charge subsequently to others. Defendant and his wife testified that the calves were theirs; that they had raised them; that, when Horwood charged defendant with stealing the calves, defendant and his wife visited Lee, and told him of the charge, and asked him to come and see the calves to determine to whom they belonged. Lee having claimed them, defendant gave them up. Immediately thereafter he was arrested, and the trial followed in due course.

Error is assigned in the giving of instruction seven, which is as follows:

"7. You are instructed that if you find and believe from the evidence beyond a reasonable doubt that the said defendant, on the 18th day of April, 1915, at the said County of Lincoln, did then and there wilfully, unlawfully and feloniously of the personal goods and chattels of Richard Lee, three head of neat cattle steal, take and drive away with the intent then and there to steal the same and deprive the owner of the immediate possession thereof, then

you should find the defendant guilty as charged in the third count of the information, notwithstanding the fact that he afterwards returned the property in question to the owner; otherwise you should acquit him."

Objection is made to the latter portion of this instruction on the ground that it states as a fact that defendant *"returned* the property in question to the *owner";* thus informing the jury that Lee was the owner. Since the defense was ownership by the defendant, the determination of that question was material, and it was error for the court to assume, as it did, ownership in Lee. The use of the words "returned" and "owner" would justify the jury in concluding that the court held Lee to be the owner.

It is further objected that the court refused to give tendered instructions that if the jury had "a reasonable doubt on the question of whether the defendant did or did not honestly consider these animals his own property when he took possession of them," it was their duty to acquit him.

This instruction should have been given.

Whether or not the claim of ownership was made in good faith was for the jury to determine, under proper instructions. *Miller v. People,* 4 Colo. 182, and, if the evidence was sufficient to raise a reasonable doubt in the minds of the jury whether or not defendant made such claim honestly, or thought the calves were his when he took them, he was entitled to be acquitted. *Van Straaten v. People,* 26 Colo. 184; 56 Pac. 905; *Johnson v. United States,* 2 Okla. Cr. 16, 99 Pac. 1022. Refused instructions two and three each stated the above rule of law and one or the other of them should have been given. The instructions given do not cover this point.

Because of these errors the judgment is reversed.

*Judgment reversed.*

Mr. Justice White and Mr. Justice Garrigues and Mr. Justice Bailey dissent.

*Garrigues, J., dissenting.*

I cannot concur with my brothers in the reversal of this case. I assume the people's evidence to be true, which supports the conviction. It overwhelmingly shows the defendant's guilt, and I see no prejudicial error in the instructions.

The court told the jury: Defendant is presumed to be innocent of the crime charged, which presumption abides with him throughout the trial and the burden is upon the people to establish his guilt from the evidence beyond a reasonable doubt; that when one takes possession of the property of another on good faith, honestly believing that the property taken belongs to him, he is not guilty of stealing it; that if the jury find and believe beyond a reasonable doubt that defendant did feloniously steal, take and drive away three head of neat cattle, the property of Lee, with intent to steal the same and deprive the owner of the immediate possession thereof, then they should find defendant guilty, notwithstanding the fact that he afterwards returned the property to the owner.

Defendant claimed the cattle were his, and complaint is made of the latter instruction, because, it is said, it tells the jury that Lee was the owner of the property. I do not think it is susceptible of that construction, or that the jury could have so understood it. It tells them that if they find the animals were the property of Lee, and that defendant took and stole them with intent to deprive the owner of their immediate possession, then the fact that he afterward returned them to the owner made no difference.

As to the other instruction, the court told the jury that defendant was presumed to be innocent and that the burden was upon the people to prove his guilt beyond a reasonable doubt, and if they entertained any reasonable doubt of his guilt, they should acquit. We have held in numerous cases there was no need of repeating this in other instructions—giving it once, was enough. When the court told the jury, if a person takes possession of another's

property in good faith, honestly believing that it belongs to him, he is not guilty of stealing it, the instruction regarding reasonable doubt and burden of proof was necessarily read into and became a part of the instruction without repetition. The instructions are to be taken as a whole. The gist of the offense is taking the property of another with the intent at the time of stealing it. There could exist no such intent if the party honestly believed when he took it, that it was his. So the jury in this case must necessarily have understood that if they entertained any reasonable doubt regarding defendant's intent to steal the cattle when he took and branded them, that they should give him the benefit of the doubt and acquit.

The instructions are clear and comprehensive, and there is nothing in them by which the jury could have been misled into believing that the court intended to tell them that the cattle belonged to Lee, or that they were not to give defendant the benefit of any reasonable doubt they might entertain as to his intent to steal them when he took the animals.

I am authorized to state that Mr. Justice White and Mr. Justice Bailey concur in these views.