## E. R. WEBER v. STATE.

No. A-4571.  Opinion Filed Jan. 17, 1925.
(232 Pac. 446.)

(Syllabus.)

1. **Trial—Weight of Testimony and Credibility of Witnesses for Jury.** The evidence being conflicting, the weight of the testimony and the credibility of the witnesses were for the jury.

2. **Appeal and Error—Instruction as to Evidential Inferences from Possession of Recently Stolen Property Held Sufficient.** An instruction upon the law relative to the evidential inferences to be drawn from the possession of recently stolen property held sufficient.

Appeal from District Court, Kay County; J. W. Bird, Judge.

E. R. Weber was convicted of grand larceny, and he appeals. Affirmed.

See, also, 18 Okla. Cr. 421, 195 P. 510.

T. J. Sargent and A. Plack Carr, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen., for the State.

BESSEY, P. J.  E. R. Weber, plaintiff in error, defendant in the trial court, was by information filed in the district court of Kay county charged with the theft of a Ford automobile from one S. P. Boyce. By verdict of a jury he was found guilty as charged, with his punishment assessed at confinement in the penitentiary for a year and a day. From the judgment in accordance with the verdict he appeals.

There are but two assignments of error seriously urged in the brief: First, that the evidence is insufficient to support the verdict; second, that the court erred in giving instruction numbered 6.

The evidence shows that the Ford car in question had been driven to Blackwell by the son of the owner on the

evening of the theft, and that it was taken from the street in Blackwell where it had been parked.  About one month later the owner of the car found it in the possession of the defendant in Arkansas City, Kan.  There were numerous marks and peculiarities about the car which enabled the owner to identify it beyond a question.  When the owner accosted the defendant, and began to make inquiry as to where the defendant came into possession of the car the defendant told Mr. Boyce that he had purchased it about a year previous to that time from a man named Brown, who was a Ford dealer at Winfield, Kan.  The defendant was a jitney driver, and while this conversation was going on two men came up and asked the defendant to drive them to Winfield.  The owner of the car followed, and after arriving in Winfield secured the services of a local peace officer, who took the car in charge.  The defendant made several conflicting statements at that time as to where and when he got the car, and the whereabouts of the man Brown from whom he claimed to have purchased it.

During the short time intervening between the theft of the car and its discovery in the possession of the defendant several alterations had been made.  The number on the engine had been changed, and a new tool box, wind-shield, and horn had been attached, and the wheels had been painted red.

At the trial the defendant's defense was that he had purchased the car, in good faith, from two men named Brown and Berkshire at his home about 2 or 3 o'clock in the morning; that he had given to these men $25 in cash and a check for $100.  The evidence discloses that a check in that amount had been made by defendant in favor of these two men and payment made thereon through ordinary banking channels.

From the incidents here related, and from other circumstances shown in the record, we hold that the evidence

was sufficient to support the verdict. The jury did not believe the explanations made by the defendant, and the evidence being conflicting, the weight thereof and the credibility of the witnesses was for the jury.

The instruction complained of, being instruction No. 6, was as follows:

"The jury is instructed that the possession of stolen property recently after the larceny thereof, when unexplained, may be sufficient to warrant the jury in inferring the guilt of the party in whose possession it is found. Whether such inference should be drawn is a fact exclusively for the jury."

At the trial the defense interposed no objection to the above instruction, and proffered no other instruction in lieu thereof. The law relating to the possession of recently stolen property might have been more comprehensively stated, but we hold that the instruction as given is not fundamentally erroneous. If the defendant felt aggrieved at the form in which it was given, he should have suggested another, free from any objectionable features.

So holding, the judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.