CHARLEY BRINKLEY et al. v. STATE.

No. A-5977. Opinion Filed July 30, 1927.
(258 Pac. 1071.)

D. W. Tracy, for plaintiffs in error.

George F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiffs in error were charged jointly with having stolen "two horse collars, a pair of bridles, and a pair of harness lines," the property of Guy Littrell.   They were found guilty by a jury which failed to agree on the punishment.   A motion for new trial was filed, which was overruled, and the plaintiffs in error were each sentenced to pay a fine of $25.   From the judgment they appeal.

The errors assigned question the sufficiency of the evidence to support the verdict and judgment of conviction.

The evidence shows that Guy Littrell was a farmer, living 5 miles north of Elk City; on the morning of the 10th day of March, 1924, he discovered that said property had been stolen from his barn and described the track of an automobile through his field and showing the car went north after leaving his place.   Two days later the stolen property was found at the home of the mother of the plaintiffs in error, about 30 miles north of Elk City.

It appears that the car owned by one of the plaintiffs in error was driven by the Littrell place that night.

He further testified that Reuben Brinkley said when they found the property:

"Turn it over, I will swear in any court that it is his stuff."

It appears that the property was taken on Monday night, Reuben was arrested on Tuesday, and Charley on Wednesday, and it was Wednesday morning when the property was recovered at the home of their mother.

The proof on the part of the defense was to the effect that Oder Allen, who at the time of the trial was serving a term in the penitentiary, left the harness at the place it was found.

Whether an explanation respecting possession of property recently stolen is reasonable or not is ordinarily a question for the jury the same as any other question of fact, and a reasonable explanation will not necessarily lead to an acquittal. The truthfulness of an explanation of possession of stolen property, although uncontradicted, must be determined by the jury. Blumhoff v. State, 29 Okla. Cr. 97, 232 P. 862.

Carefully considering the whole testimony in this case, we have no doubt of its sufficiency to justify the verdict. After a careful examination of the record, we find no prejudicial error.

The judgment of the lower court is accordingly affirmed.

EDWARDS and DAVENPORT, JJ., concur.