## TOM SKINNER et al. v. STATE.

No. A-8698. Aug. 3, 1934.
(34 Pac. [2d] 1079.)

Mathers & Mathers, for plaintiffs in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiffs in error, hereinafter referred to as defendants, were convicted in the district court of Jefferson county of the crime of larceny of domestic fowls, and their punishment fixed by the jury at imprisonment in the state penitentiary for a period of three years for each of the defendants.

Defendant Willis Skinner contends the court erred in overruling his motion to dismiss the case as against him, because the evidence showed that he was a resident of the state of Texas and if any offense was committed it was in Texas, and therefore the trial court had no jurisdiction over his person or the offense.

The evidence of the state was that this defendant resided just across the river in Texas; that the stolen turkeys were found in his possession a short time after the theft; that he was advised by the sheriff that he could not be taken back to Oklahoma without requisition unless he consented; and that he did consent.

The evidence of the state further shows that the turkeys were seen on the farm of Tom Skinner in the afternoon before the theft; that he left his home suddenly on the night the turkeys were taken, and the next day he was seen in the town of Nacona, Tex., where the defendant Willis Skinner resided; that a few days thereafter the stolen turkeys were found on the Willis Skinner farm; that Tom Skinner brought back with him from Texas some turkeys, which circumstance tends to establish a system of stealing turkeys in Oklahoma and Texas and exchanging them for the purpose of concealing them.

No question of jurisdiction was raised before the examining magistrate, nor was any objection made or question raised as to jurisdiction in the district court, and no

attempt was made to have the defendant discharged until after the state had introduced its evidence and rested.

Under the facts as disclosed by the record, the defendant was properly in custody and the trial court had jurisdiction over his person as well as of the offense.

It is next contended the evidence is insufficient to support the verdict of the jury.

The evidence is voluminous and sharply conflicting. It is sufficient to say the evidence of the state directly connects defendant Willis Skinner with possession of the stolen property recently after it was stolen, and all the circumstances of the case connect him and the defendant Tom Skinner with the actual taking of the property. Defendant Willis Skinner explained his possession by saying he had raised these turkeys; but considering the marks of identification on the turkeys and the changes made in those marks after they passed into his possession with the admissions and contradictory statements of defendants, the jury were justified in refusing to believe the explanations.

This court has held that possession of recently stolen property is not of itself sufficient to authorize conviction of the accused for the crime of larceny, but that possession of recently stolen property creates an inference of fact which, together with other incriminating circumstances, is sufficient to sustain a conviction. Bidwell v. State, 28 Okla. Cr. 1, 228 Pac. 614.

This court has also held that the onus is on defendant to explain his possession of recently stolen property. Whitten v. State, 25 Okla. Cr. 447, 221 Pac. 115; Buford v. State, 27 Okla. Cr. 138, 225 Pac. 568; Foust v. State, 36 Okla. Cr. 390, 254 Pac. 982.

This court has affirmed other cases on evidence no stronger than that in the case at bar. West v. State, 19 Okla. Cr. 355, 198 Pac. 99; Chrisman v. State, 22 Okla. Cr. 52, 209 Pac. 656; Halbert v. State, 35 Okla. Cr. 329, 250 Pac. 436; Brinkley v. State, 37 Okla. Cr. 362, 258 Pac. 1071; Halsey v. State, 42 Okla. Cr. 221, 275 Pac. 405.

The presumption arising from the possession of recently stolen property is one of fact and not of law, and the weight, value, and probative effect of such evidence is exclusively for the jury.

Under the rule laid down in the foregoing decisions of this court, the evidence is amply sufficient to sustain the verdict and judgment.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.