E. G. HALL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-12411.

Criminal Court of Appeals of Oklahoma,

Oct. 9, 1957.

R. A. Howard, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and H. A. Stanley, County Attorney, Carter County, for defendant in error.

## PER CURIAM.

■ In the opinion above (May 5, 1957, 312 P.2d 981), it was pointed out that at trial counsel for the defendant Hall did not object to the instructions now for the first time complained of, and the giving of which it is said constituted fundamental error, and that defendant is entitled to raise the question as a basis for rehearing even at this late date. And even though, as stated in the opinion, no requested instructions were submitted to the court. It is the duty of counsel, as an officer of the court, to aid the court in avoiding error in the trial of cases by insisting on the giving of proper instructions. Nevertheless, where an instruction is fundamentally er-

roneous and may have resulted in the conviction of an accused, this court will not fail, when the matter comes to its attention, to give consideration to the same even if counsel failed to interpose objections or otherwise raise the issue.

■ Each member of this court has, at the instance of new counsel on rehearing, read the entire record, and we have given careful consideration to instructions Nos. 5 and 6-A, the giving of which is said to entitle the defendant to a new trial.

Instruction No. 5 reads:

"You are instructed that the unexplained possession of recently stolen property found in the possession of one alleged to have stolen the same is a circumstance, which, if unsatisfactorily explained to the jury, may be considered in determining the guilt or innocence of the person charged with the theft thereof."

Counsel argues that this instruction has the effect of shifting the burden of proof from the State to the defendant, and that such constituted fundamental error. Further that the instruction assumed that the hogs were stolen property, without requiring the State to so prove

In the early case of Weber .v. State, 29 Okl.Cr. 55, 232 P. 446, 447, this court had for consideration an instruction essentially as the above. It read:

"The jury is instructed that the possession of stolen property recently after the larceny thereof, when unexplained, may be sufficient to warrant the jury in inferring the guilt of the party in whose possession it is found. Whether such inference should be drawn is a fact exclusively for the jury."

Judge Bessey, for the court, said:

"At the trial the defendant interposed no objection to the above instruction, and proffered no other instruction in lieu thereof. The law relating to the possession of recently stolen property might have been more

comprehensively stated, but we hold that the instruction as given is not fundamentally erroneous. If the defendant felt aggrieved at the form in which it was given, he should have suggested another, free from any objectionable features."

In Ballard v. State, 68 Okl.Cr. 39, 95 P. 2d 239, at page 241, Judge Barefoot, for the court, said:

"The court instructed the jury that the possession of recently stolen property, although unexplained, would not alone warrant the jury in finding the defendant guilty, but was a circumstance which they could take into consideration, together with the other facts and circumstances in the case. But that if the possession was not satisfactorily explained, and it was supported by other incriminating evidence and circumstances, this would be sufficient to warrant a verdict of guilty. This is in accordance with the decisions of this court."

In Farley v. State, 93 Okl.Cr. 192, 226 P.2d 1002, 1008, the identical instruction here complained of was given. This court, through Judge Powell, in the body of the opinion said:

"The burden of proving the truthfulness of his possession [of a flat-bed trailer] was on the defendant, and even though his explanation of his possession was reasonable, yet the truthfulness of the explanation given was for the jury to decide."

Citing Patton v. State, 54 Okl.Cr. 393, 22 P.2d 116; and Brinkley v. State, 37 Okl.Cr. 362, 258 P. 1071.

In the Patton opinion, Judge Davenport, in paragraph three of the syllabus, said:

"Where the accused has possession of recently stolen property and attempts to explain its possession, the burden of proving the truthfulness of his possession is on him, and even though it may be reasonable is a question of fact for the jury."

Carl E. Harmon and C. G. Harmon identified the hogs found in possession of the defendant as being their property. The hogs were shown to have the brand of claimants, to wit: split in the right ear, perfectly healed, while defendant's mark, a hole in the ear, had only been recently made and there was still blood coming from the wounds. There were other corroborating circumstances.

On the other hand, defendant testified that he purchased the hogs from one John Wines, of Mill Creek, Oklahoma, deceased at time of trial. Thus the issue was joined. There was a question of fact for the determination of the jury. The jury determined that the property in question was recently stolen property, and rejected defendant's explanation that he had purchased the particular hogs in question.

■ Instruction No. 6–A reads:

"You are further instructed that if you should find the defendant, E. G. Hall, is and was the owner of the three Chester White sows and twelve Chester White pigs at the time he is accused of unlawfully taking certain personal property, and that they were in fact the property of the defendant, then you will find the defendant not guilty."

While the instruction is not a model, we believe that in view of the fact that the defendant's defense was that he obtained title to the hogs in question by purchase from John Wines, that it was the duty of the court to advise the jury of defendant's defense, and is sufficient in that respect under the facts peculiar to this case.

■ Even though the hogs might have been stolen property, nevertheless if defendant was unaware of such and purchased them in good faith, such would constitute a defense. There must have been unlawful intent. Defendant could explain his intent. In Cawley v. State, 96 Okl.Cr. 53, 248 P.2d 273, 280, the court instructed the jury:

"You are instructed that the defendant Frank Cawley, for his defense, says that he owned the eighteen head

of cattle with which he is charged with stealing in this case. If you find from the evidence in this case that the defendant Cawley owned the eighteen head of cattle with which he is charged with stealing, or if you find that he in good faith believed that he owned the said eighteen head of cattle, or if you have a reasonable doubt thereof, then it would be your duty to acquit him."

Following the quotation of this instruction, the court said:

"But the defendant says the court not only failed to present his theory of the defense but that the trial court placed the burden in its instruction No. 6 upon the defendant to do three things. First, to prove ownership; second, establish good faith, and, third, to raise a reasonable doubt thereof. We cannot agree with this contention. The effect of instruction No. 6 was merely to recite the conditions under which the defendant's possession could be excused first, if they found from the evidence he owned the cattle or, second, from the evidence they found a basis on which his possession of the cattle could be excused, or if they had a reasonable doubt as to the ownership or the belief of the defendant that he owned the cattle when he took them, they could acquit the defendant. The instruction is both fair and favorable to the defendant and substantially stated his theory."

And this court, through Judge Brett, further went on to say:

"It is apparent that the defendant could not avail himself of this rule of law without being willing to assume the burden of the explanation of his possession of these allegedly stolen cattle. Certainly the court has no right to require a defendant in any case to prove his innocence but when a prima facie case has been made in a larceny case ordinarily the defendant must offer proof to excuse his possession of

the property proven to have been stolen or may be convicted on the prima facie proof, and it is not error for the trial court to enlighten the jury as to the grounds on which such possession may be excused. Hence the court did not commit error in instructing the jury as hereinbefore set forth."

We have given consideration to the various authorities cited by defendant, including from this court Stanley v. State, 61 Okl.Cr. 382, 69 P.2d 398; Johnson v. United States, 2 Okl.Cr. 16, 99 P. 1022; Lockhart v. State, 10 Okl.Cr. 582, 139 P. 1158; Smith v. State, Okl.Cr., 276 P.2d 937, and Lac Coarce v. State, Okl.Cr., 309 P.2d 1113, but by reason of the factual differences, do not find them applicable

The petition for rehearing is denied, and mandate is ordered issued forthwith.