383 P.2d 399

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Edgar Glen CUDE, Defendant and Appellant.**

**No. 9619.**

Supreme Court of Utah.

July 2, 1963.

Frank J. Gustin, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice.

Defendant appeals from his conviction and judgment of grand larceny. It appears from the record that the defendant left his automobile at a garage in Ogden, Utah with the request that the same be repaired. The garage owner initially estimated the cost of the necessary work to be in the neighborhood of $180.00. There was evidence, however, that the defendant authorized the garage owner to fix the car, irrespective of the cost. After leaving his automobile at the garage, defendant left the state and returned a few days later. At that time he was presented with a repair bill in the amount of $345.00. Unable to pay this charge (or, for that matter, the estimate of $180.00) the defendant was refused possession of the car by the garageman. Several hours thereafter (after the garage had closed for the night) defendant returned and, using a duplicate key, drove the automobile away.

The automobile was recovered by the police a day or so later while in the possession of a friend of the defendant. It was the contention of the latter that he had taken the car for the purpose of selling the same to realize enough cash to pay off the garage bill.

This court has previously ruled that an owner of personalty in the possession of another by virtue of some special right or title, as bailee or otherwise, is guilty of larceny, if he takes such property from the person in possession *with the fraudulent intention of depriving such person of his rights*.[1]

The defendant requested an instruction regarding his defense, namely, that he could not be found guilty if, at the time of the taking, he honestly believed that he had a right to the possession of the automobile. We are of the opinion that the lower court erred in refusing to give such an instruction.

It is fundamental that an essential element of larceny is the intent to steal the property of another. Consequently, if there is any reasonable basis in the evidence upon which the jury could believe that the accused thought he had a right to take possession of his automobile, or if the evidence in that regard is such that it might raise a reasonable doubt that he had the intent to steal, then that issue should be presented to

---

1. State v. Parker, 104 Utah 23, 137 P.2d 626.

the jury. The principle is correctly stated in 52 C.J.S. Larceny § 150, p. 999, that if the property was taken under any " * * * circumstances from which the jury might infer that the taking was under a claim of right, [the] accused is entitled to an appropriate charge distinguishing larceny from a mere trespass."

This proposition is affirmed by the expression of the courts of numerous jurisdictions.[2] In the Oklahoma case of Linde v. State,[3] the court reversed a conviction for larceny upon the ground of the trial court's failure to give a requested instruction to the effect that:

"If at the time of the taking of the property by the defendant he in good faith believed said property was his or, if they had reasonable doubt to that effect, they should acquit him. This although he may have been mistaken in such belief."

The court said:

"The court refused to give this instruction and we think this was error. It is the duty of the court, in his instructions, to present to the jury the theory of the defense when requested by the defendant."

It is held, and we think correctly so, that the general charge that the accused must have the intent to steal does not meet the request to have this particular theory of defense presented to the jury. It was so held in the Wyoming case of State v. Hickenbottom.[4] In a prosecution for stealing sheep, the trial court had given such a general instruction but refused to give the defendant's request, similar to the one submitted here, that if the defendant believed he had a right to take the sheep, he would not be guilty of larceny. Defendant assigned the refusal to give his request as error. After discussing a number of authorities on the subject the court reversed on that ground stating:

"The foregoing authorities would seem to clearly establish that the defendant's requested instruction * * * [as to belief of right to possession] * * * or one similar to it should have been given by the district court, and that it was prejudicial error to refuse it."

It is suggested that the defendant's own evidence shows he had the necessary intent to steal at the time he took the car. This seems to argue the weight of the evidence; that the defense was not made in good faith; and that it could not be be-

2. Peterson v. People, 65 Colo. 106, 173 P. 876 (1918); State v. McCracken, 93 Mont. 269, 18 P.2d 302 (1933) and authorities therein cited; Linde v. State, 61 Okl.Cr. 136, 66 P.2d 527 (1937); State v. Carr, 160 Wash. 74, 294 P.

1013 (1930); State v. Hickenbottom, 63 Wyo. 41, 178 P.2d 119 (1947) and cases therein cited.
3. Footnote 2, supra.
4. Footnote 2, supra.

lieved. This is a jury question.[5] The defendant's position was exactly to the contrary. The testimony of the garageman is that the defendant requested permission to leave his car on the lot while he went to Salt Lake to get money. Defendant gave an explanation of his return to the lot and the removal of the car which could be considered as consistent with his theory of defense. He also testified that, "But since that I was the owner of the automobile I had never in my life believed I was committing any felony by taking the car for just a day or two, and that is what I did." That he thought he had a right to take his own car was the only avenue of defense open to the defendant and the only one he asserted. It is consistent with the testimony just quoted and with his request for the instruction referred to above. We think it inescapable that the refusal of the trial court to submit the case to the jury upon his theory deprived defendant of a fair trial, and for that reason the judgment should be reversed on that ground.

We find no merit to defendant's assignment of error relating to the cross-examination with respect to his felony record.

Reversed and remanded for a new trial.

McDONOUGH, CROCKETT and WADE, JJ., concur.

5. Peterson v. People, footnote 2, supra.

HENRIOD, Chief Justice (dissenting).

I dissent. It may seem a little unrealistic to say that one could steal his own car, but we have held that conversion of a security right can result in this rather novel situation.[1] Ample ancillary evidence justified the jury's conclusion of guilt and hence we should not disturb it. Consequently, defendant's contention that there was no mens rea accompanying the commission of larceny because there was no intent permanently to deprive the garage man of possession, seems to be without merit in view of the Parker case. His own testimony was to the effect that he took the car to sell, and there was nothing shown as to any intention to return it to the garage owner.

As to his urgence that he thought he had a right to take the car, there is nothing in the record to substantiate it. At no time did he request permission to take it, and his assertion that he thought he had a right to do so, standing alone, did not justify an instruction that he was not guilty, if he so believed, in the light of other instructions with respect to intent.

The assertion that the court should have instructed as to the defense that accused had no mens rea is unrealistic and flies in the teeth of defendant's own testimony to the effect that he was denied permission to remove the car when, after counsel said, "you

1. State v. Parker, 104 Utah 23, 137 P.2d. 626 (1943).

were faced with your car being held by the garage, and no money to pay the bill," he said "That's right," but nonetheless, entered the premises at night, after hours, and took the car without permission, without notifying anyone, being picked up several days later for questioning. To have instructed on such theory under such circumstances would have flouted the defendant's own testimony.