459 P.2d 432

**Vernon W. HAAS, Plaintiff and Appellant,**

v.

**William E. EMMETT, Kurt Warner, Joseph H. Warner, Fred R. Warner, Warner Motors, a corporation of the State of Utah, Defendants and Respondents.**

No. 11488.

Supreme Court of Utah.

Sept. 17, 1969.

George E. Bridwell, Gerald G. Gundry, Salt Lake City, for plaintiff-appellant.

Callister & Callister, Louis H. Callister, Jr., Salt Lake City, for defendants-respondents.

ERICKSON, District Judge:

A dispute arose between appellant and respondents over the payment of a repair order on appellant's vehicle in the amount ·of $9.37. Appellant left respondents' place of business without respondents' permission, and drove the vehicle away, respondents claiming a mechanics lien pursuant to Sec. 38–2–3, U.C.A.1953. Respondents then called the Highway Patrol, advising that office that appellant had left without paying his bill. The appellant was stopped by a police officer some 60 plus miles distant and after some discussions with appellant he was told by this police officer, "Well do you want to pay me the $9.00 or do you want to go back to Fillmore," and appellant answered, "Well, I guess I will go back to Fillmore."

█ Appellant's claim in the civil suit is that respondents participated in an unlawful arrest. It is generally conceded that one who simply lays facts before a magistrate and leaves with the magistrate the responsibility of further proceedings, is not liable unless he takes some part in furthering the arrest or urging the detention.

(See Smith v. Clark, 37 Utah 116, 106 P. 653, 26 L.R.A.,N.S., 953.)

█ This court has held "that an owner of personalty in the possession of another by virtue of some special right or title, as bailee or otherwise, is guilty of larceny, if he takes the property from the person in possession with the fraudulent intention of depriving such person of his rights." (See State v. Cude, 14 Utah 2d 287, 383 P.2d 399.)

█ The court's concern is and ought to be to keep the criminal process inviolate. If the appellant in this cause had paid the officer who detained him the $9.37, doubtless this entire matter would have passed without notice. To subject a person to liability the proceedings must have been initiated primarily for a purpose other than that of bringing an offender to justice.

█ To initiate criminal proceedings to force the accused to pay money is improper, even though the money is lawfully owed the accuser.

█ This court cannot escape the conclusion that, if the respondents called the Highway Patrol and as a result thereof the appellant was detained and given the alternative of paying the $9.37 or returning to Fillmore, such conduct would amount to the use of criminal process to effect the collection of a debt and would result in liability to appellant.

The judgment of the lower court is reversed and the cause remanded for appropriate proceedings.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

CALLISTER, J., having disqualified himself, does not participate herein.