Sandy WEINRAUCH and Robert Cohen, Plaintiffs,

v.

PARK CITY, a City chartered under the laws of the State of Utah; Officer John Newland, in his individual capacity and his capacity as a Park City Police Officer; Officer Ray Benson, in his individual capacity and his capacity as a Park City Police Officer; and Mike Spears, in his individual capacity as an Agent for Park City, Defendants.

Civ. No. C 81–0074A.

United States District Court, D. Utah, C.D.

March 26, 1986.

As Corrected May 20, 1986.

Brian M. Barnard, Utah Legal Clinic, Salt Lake City, Utah, for plaintiffs.

Max D. Wheeler, Snow, Christensen & Martineau, Salt Lake City, Utah, for defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING IN PART THE MAGISTRATE'S REPORT AND RECOMMENDATION AS TO ATTORNEY'S FEES

ALDON J. ANDERSON, Senior District Judge.

### FACTS

Plaintiffs Sandy Weinrauch (Weinrauch) and Robert Cohen illegally parked Weinrauch's car while skiing in Park City, Utah. Because the car was obstructing traffic, Officer John Newland (Newland) cited the vehicle and had it impounded. Mike Spears (Spears) ran a towing service and had agreed with the City to impound cars upon request and tow them to his lot.

When Weinrauch discovered that her car was missing, she called the police to report it stolen. After being told that the car had been impounded, Weinrauch asked to meet with Newland. He told her that she could obtain release of her car by paying a $20 towing fee and $5 bail on the parking ticket.

Plaintiffs went to the impound lot. Because no attendant was present, they loaded their equipment on the car and drove away. Shortly thereafter, the impound lot reported the car stolen. A message went out on the police radio describing the vehicle and the location from which it was taken. Officers Newland and Ray Benson (Benson) then began pursuing the car. Spears heard the report on his police scanner and also pursued the car to recover his towing fee.

Spears reached the car first and drew along beside it several times, waving at Plaintiffs in an attempt to have them pull over. Plaintiffs finally stopped when Newland approached them with his lights and siren on. Benson arrived shortly thereafter. Newland then recognized Weinrauch as the owner of the vehicle.

A heated discussion ensued in which Spears insisted that he would tow the car back to Park City unless Plaintiffs paid the $25. Newland stated that he believed Spears would be within his rights in doing so, and Benson agreed. Plaintiffs then paid the fee, and everyone drove off. Subsequently, Weinrauch was found guilty of the parking violation.

As a result of these events, Plaintiffs brought action under 42 U.S.C. § 1983 against Park City, Officers Newland and Benson, Spears and Cliff Reed (a former owner of the towing service). Reed was dismissed from the case on December 22, 1981.

On March 19, 1982, this Court granted the Defendants' Motion for Summary Judgment. The Court of Appeals affirmed, 751 F.2d 357. Defendants Park City, Newland, Benson and Spears then petitioned for attorney's fees under 42 U.S.C. § 1988. The Magistrate recommended that the petition be granted as to Park City, Newland and Benson, but denied as to Spears. (The Magistrate also mistakenly recommended that Cliff Reed be granted attorney's fees.

Reed did not petition for fees. Furthermore, Reed was dismissed from the case by reason of a settlement which included the stipulation that each should bear the cost of his own attorney's fees.)

Plaintiffs objected to the Magistrate's Report and Recommendation. Defendants moved to strike the objection on the basis that it was not timely filed, but later withdrew the motion. Oral argument on the matter was heard on December 20, 1985.

DISCUSSION

█ The standard for awarding attorney's fees to prevailing defendants in civil rights actions was set forth in *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978): "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Although *Christiansburg* was a Title VII action, the Supreme Court has applied this same standard in determining fee awards under 42 U.S.C. § 1988. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

█ In deciding whether an action was brought frivolously, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421–22, 98 S.Ct. at 700. Instead, the Court must determine whether the plaintiff had at least "some slight legal support." *Vakas v. Rodriguez*, 728 F.2d 1293, 1297 (10th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 334, 85 L.Ed.2d 319 (1984).

I. CLAIM AGAINST PARK CITY

█ Weinrauch alone made a claim against Park City premised upon the fact that she was denied a post-impoundment hearing prior to paying the towing fee and bail. In addition, she alleged that the informal hearing procedure provided by Park City contained several inadequacies, including lack of proper notice.[1]

The Court of Appeals disposed of these arguments on two grounds. First, the Court determined that a post-impoundment hearing need not occur until after payment of the towing fees. Second, it determined that Weinrauch was estopped from contesting the procedure inasmuch as she had resorted to self-help.

Nevertheless, Weinrauch's claim against Park City was not frivolous because the law in these areas was unclear when the complaint and notice of appeal were filed. The complaint was filed on February 10, 1981, and the notice of appeal on March 19, 1982. The case upon which the Court based its determination that only a *post*-payment hearing is required was not decided until July 2, 1982. *See Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320 (9th Cir.1982). Prior case law indicated that a *pre*-payment hearing might be required. *Mays v. Scranton City Police Dept.*, 503 F.Supp. 1255 (M.D.Pa.1980); *Remm v. Landrieu*, 418 F.Supp. 542 (E.D.La.1976); *Graff v. Nicholl*, 370 F.Supp. 974 (N.D.Ill. 1974). Thus, Weinrauch had a reasonable argument that her civil rights were violated because she was deprived of her money without a prior hearing.

Furthermore, Weinrauch was not without some legal support in thinking that she could contest the procedure even though she had resorted to self-help. Cases cited by Weinrauch suggest that an impoundment ordinance might be held facially invalid where it does not specifically provide for proper notice and opportunity to be heard, as is true of the Park City ordinance. *Stypmann v. City & County of San Francisco*, 557 F.2d 1338 (9th Cir.1977); *Remm*, 418 F.Supp. 542. The case relied upon by

---

1. Both plaintiffs argued that Park City also was liable for the officers' and Spears' coercive conduct on the highway. As discussed below in the sections pertaining to Spears and the officers, this claim was non-frivolous.

the Court of Appeals for the proposition that self-help precludes review of the procedure indicates, albeit weakly, that preclusion might not apply where facial invalidity is at issue. *See Walker v. City of Birmingham,* 388 U.S. 307, 318, 87 S.Ct. 1824, 1830, 18 L.Ed.2d 1210 (1967). In addition, Weinrauch had a tenuous, yet rational, argument that her actions in taking the car did not rise to the level of improper self-help contemplated by *Walker.* No attendant was present to whom Weinrauch could have paid the fee or obtained the ticket.

## II. CLAIM AGAINST OFFICERS NEWLAND AND BENSON

■ Plaintiffs alleged that their civil rights were violated when the officers detained them on the highway and aided Spears in collecting the towing fee and bail through threats. The Court of Appeals determined, however, that the Plaintiffs had no claim against the officers inasmuch as the ordinance under which they were acting was valid.

■ Nevertheless, this claim was not frivolous. As discussed above, when the complaint and notice of appeal were filed, there was some question as to the ordinance's validity. A police officer can be excused from liability for acts performed under an invalid ordinance only if he reasonably believed in good faith that his actions were constitutional. *Pierson v. Ray,* 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). Reasonable belief is absent when the officer acts with an improper purpose. *Lessman v. McCormick,* 591 F.2d 605, 611 (10th Cir.1979). One improper purpose is aiding in collection of a private debt. *Id.; Haas v. Emmett,* 23 Utah 2d 138, 459 P.2d 432 (1969). In *Lessman,* the court determined that the plaintiff had stated a cause of action under § 1983 where she alleged that a police officer arrested her for the purpose of aiding a bank in its debt collection process. Although she had failed to pay a parking ticket, the allegations taken as true showed that the arrest was made not to collect on the ticket but to force her to pay the debt.

While these cases are distinguishable from the present case, they provide sufficient foundation to classify Plaintiffs' claim as non-frivolous. Plaintiffs had reasonable grounds for arguing that the officers' purpose in detaining them was to aid collection of a private debt. Although the towing fee was authorized by ordinance, it was being paid to a private party for his services.

■ Moreover, Plaintiffs had a non-frivolous claim against Park City itself based upon the officers' enforcement of the allegedly invalid ordinance. Although a municipality cannot be liable under § 1983 on a *respondeat superior* theory, it "can be sued directly ... where ... the action that is alleged to be unconstitutional implements or executes a policy statement, *ordinance,* regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978) (emphasis added).

## III. CLAIM AGAINST SPEARS

■ Plaintiffs brought action against Spears for his conduct on the highway, claiming that he had assaulted them and deprived them of rights without due process, both under color of state law. Although the law was somewhat unclear at the time the complaint and notice of appeal were filed, the Court of Appeals determined shortly thereafter that a person who impounds vehicles for a municipality is a state actor. *Coleman v. Turpen,* 697 F.2d 1341 (10th Cir.1982). It differentiated Spears' actions, however, stating that he was not performing City towing services when he tried to stop Weinrauch's car. Nevertheless, *Coleman* demonstrates that Plaintiffs had a reasonable basis for claiming that Spears acted under color of state authority, especially where he collected bail for the City as a result of his threats.

■ The fact that Plaintiffs had a valid argument that Spears was acting for the City also means that they had a non-frivolous claim against Park City itself based

upon Spears' actions. A municipality can be directly liable under § 1983 where its agent acts pursuant to municipality policy or custom. *Monell*, 436 U.S. at 690–91, 98 S.Ct. at 2035–36. *Monell* implied that actionable policy or custom might be found where those in high supervisory positions either exercise direction or control over, or fail to supervise, those in lower positions. 436 U.S. at 694 n. 58, 98 S.Ct. at 2037 n. 58. In this case, Park City indicated that it did not provide Spears with any supervision.

## CONCLUSION

Plaintiffs' claims were not frivolous. Therefore, all parties should bear the cost of their own attorney's fees.

Accordingly,

The Court hereby adopts the Magistrate's Report and Recommendation as to Defendant Spears *only*, thereby DENYING attorney's fees to all defendants.